■ MARGA PAOLINI, Respondent, v RICHARD PAOLINI, Appellant. — In an action for divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered July 18, 1983, which, *inter alia*, granted the plaintiff wife custody of the infant children of the parties, exclusive possession of the marital premises, counsel fees in the sum of $3,000, and child support and maintenance in the sum of $1,200 per month, and which fixed the defendant's rights to visitation with the children. By order dated February 1, 1984, this court remitted the matter to the Supreme Court, Suffolk County, for compliance with the provisions of section 236, subd 6, par B; subd 7, par b) of the Domestic Relations Law (*Paolini v Paolini*, 99 AD2d 742). The Supreme Court has now complied. ¶ Judgment modified on the law and the facts, (1) by adding to the fifth decretal paragraph after the words "New York", the following: "until the youngest child reaches 18 years of age or is sooner emancipated or upon further agreement of the parties"; and (2) by adding to the third decretal paragraph provisions expanding defendant's visitation privileges to provide for visitation on alternate weekends from Friday at 6:00 P.M. until Sunday at 9:00 P.M., to provide for visitation from Friday at 6:00 P.M. until 10:00 P.M. when defendant does not have visitation for the entire weekend, by deleting so much of the provision of that decretal paragraph as limits visitation on alternate legal holidays to between the hours of 10:00 A.M. and 5:00 P.M. and substituting therefor a provision expanding visitation on those days to between 10:00 A.M. and 9:00 P.M., and by deleting so much of the provision of that decretal paragraph as permits visitation for only two consecutive calendar weeks during summer recess from school and substituting therefor a provision expanding visitation during summer recess to four weeks coincident with defendant's vacation. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. ¶ We enlarge defendant's visitation privileges inasmuch as there is nothing in the record to indicate that more frequent visitation would be inimical to the children's best interests (see *Wellington v Wellington*, 47 AD2d 881). Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.