■ SUFFOLK BUSINESS CENTER, INC., Respondent, v APPLIED DIGITAL DATA SYSTEMS, INC., Appellant.—In an action to compel the reconveyance of real property, the defendant purchaser appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated January 23, 1986, as granted that branch of the plaintiff's cross motion which was to vacate the defendant's demand for answers to interrogatories dated August 27, 1985, and (2) from so much of an order of the same court, dated May 15, 1986, as upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated January 23, 1986 is dismissed, as that order was superseded by the order dated May 15, 1986, made upon reargument; and it is further,

Ordered that the order dated May 15, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On or about March 29, 1985, the defendant served an

extremely prolix demand for answers to some 127 interrogatories. In response to a motion by the plaintiff to vacate those interrogatories and a cross motion by the defendant to compel answers thereto, Special Term (Brown, J.) ordered that the demand be stricken without prejudice to the service by the defendant of a new and proper set of interrogatories. The defendant thereupon served a second set of interrogatories dated August 27, 1985, which reiterated many of the items previously found burdensome by the court. Specifically, the defendant sought information with respect to the sale prices, deeds and descriptions of other parcels of real property which were not material to the issues in this suit as well as information concerning any former or current employees of the plaintiff who might have knowledge of the allegations set forth in the complaint. Many of the interrogatories served sought information pertaining to matters of public record and, as such, were readily available to the defendant while others would clearly be of no assistance in the defendant's trial preparations. Special Term struck this second set of interrogatories. We agree with Special Term's conclusion that the defendant's numerous interrogatories were burdensome, oppressive and, in many parts, inappropriate. "In such a case, the interrogatories * * * should be vacated rather than pruned, as it is counsel's burden to draft and serve proper interrogatories and demands, and the courts will not correct palpably bad ones" *(Aeron Aviation Corp. v Chemco Intl. Leasing,* 117 AD2d 573, 574). Accordingly, Special Term acted properly in striking the interrogatories. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.