■ SUSAN KANDEL, Respondent, v STEVEN KANDEL, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Richmond County (Sullivan, J.), entered October 7, 1985, which, inter alia, granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, directed the defendant to pay $1,100 in attorney fees to the plaintiff's attorney and awarded the defendant visitation with his two children only on either Saturday or Sunday of each week and for a period of two successive calendar weeks during summer recess.

Ordered that the judgment is affirmed, with costs.

A review of the record reveals that the plaintiff made out a prima facie case for divorce on the ground of cruel and

inhuman treatment and also that she sustained her burden of proof at trial *(see, Ahrend v Ahrend,* 123 AD2d 731). The defendant's contention that the allegations were not proven because of the lack of corroborating testimony is without merit. Corroboration is not required to establish acts of cruel and inhuman treatment constituting grounds for divorce *(see, D'Amato v D'Amato,* 96 AD2d 849). In addition, we note that the plaintiff properly established her compliance with the residency requirements as set forth in Domestic Relations Law § 230.

The defendant failed to comply with the compulsory financial disclosure requirements of Domestic Relations Law § 236 (B) (4) and, therefore, Special Term did not err in precluding the defendant from offering evidence at trial as to his finances. That penalty is specifically authorized by the statute *(see also,* CPLR 3126).

Under the facts of this case we find that Special Term properly exercised its discretion as to the defendant's award of visitation privileges *(cf., Paolini v Paolini,* 100 AD2d 868).

We also find that the award of counsel fees to the plaintiff, which was made without a hearing, was within the proper exercise of the trial court's discretion *(see, Ritz v Ritz,* 103 AD2d 802; *Lynch v Lynch,* 97 AD2d 814; *Long v Long,* 121 AD2d 696, 697). Since the defendant never requested a hearing on the issue of counsel fees and the parties' finances were delved into at the trial, no hearing was required in this case.

Finally, there is no evidence in the record from which it may be determined whether Domestic Relations Law § 253 is applicable to the instant case. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.