■ Naomi Schwartz, Respondent, v Yehudah Schwartz, Appellant. [652 NYS2d 616] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a resettled judgment of the Supreme Court, Kings County (Rigler, J.), dated February 15, 1995, which, after a nonjury trial, *inter alia,* determined that his interest in the Jewish Press, Inc., was forfeited by him and vacated his temporary maintenance award retroactive to the date of the plaintiff's application for a downward modification.

Ordered that the resettled judgment is affirmed insofar as appealed from, with costs.

The court properly determined that the shares of stock in the Jewish Press, Inc., given to the plaintiff by her parents constituted separate property *(see,* Domestic Relations Law § 236 [B] [1] [d] [1]). As the court noted, the increase in the value of the stock was marital property to the extent such ap-

preciation was due to the contributions or efforts of the defendant (see, Domestic Relations Law § 236 [B] [1] [d] [3]). However, the court properly concluded that there was no evidence from which it could determine the amount of appreciation that was attributable to his efforts.

The court's determination that the defendant, in any event, forfeited the right to any distributive award by his conduct involving the granting of a Get (a Jewish religious divorce) did not constitute an impermissible interference with religion. The court made no determination regarding religious doctrine. Rather, the court found that the defendant initially withheld the delivery of the Get which he ultimately gave in Israel solely to extract economic concessions from the plaintiff.

The defendant's contention that the court erred in awarding counsel fees is not properly before us on this appeal since the resettled judgment does not award counsel fees.

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.