■ Jamie Pinto, Respondent, v Nesim Pinto, Appellant. [688 NYS2d 701] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Friedenberg, J.H.O.), entered March 28, 1998, which, *inter alia*, (1) awarded the plaintiff wife 100% of the property listed on the parties' statements of net worth if he did not grant her a religious divorce within a specified time period, and (2) awarded the plaintiff $100,000 for counsel fees, without a hearing.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in granting the plaintiff title to all of the assets listed on both of their statements of net worth if he did not deliver a religious divorce known as a Get to the plaintiff within a specified time period (*see, Schwartz v Schwartz,* 235 AD2d 468).

Since the defendant agreed that a determination regarding counsel fees could be made upon the affirmation of services, the court was not required to hold a hearing on this issue (*see, Mancuso v Mancuso,* 178 AD2d 584; *Dawson v Dawson,* 152 AD2d 717; *Kandel v Kandel,* 129 AD2d 617; *Janousek v Janousek,* 108 AD2d 782). Moreover, the amount of the counsel fee award was not an improvident exercise of discretion (*see,* Domestic Relations Law § 237 [a]; *Weiss v Weiss,* 213 AD2d 542; *Levine v Levine,* 179 AD2d 625).

Under the circumstances of this case, the court did not improvidently exercise its discretion in denying the defendant's request for an adjournment of the trial (*see, Matter of Anthony M.,* 63 NY2d 270; *Ortolani v Town of Hempstead,* 256 AD2d 451; *Brown v Data Communications,* 236 AD2d 499; *Boxwill v Boxwill,* 158 AD2d 642).

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.