■ In the Matter of Christine A. Esposito, Appellant, v David Bourcet, Respondent. [713 NYS2d 489] —In a proceeding to set aside a trust, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 14, 1999, which denied her motion pursuant to CPLR 5015 (a) (3) to vacate, inter alia, a prior order of the same court, dated July 14, 1998, which determined the validity of the trust, and granted the cross motion of the respondent to impose a sanction against her and her attorney for frivolous conduct.

Ordered that the appeal from so much of the order as granted that branch of the cross motion which was to impose a sanction against the petitioner's counsel is dismissed, as the petitioner is not aggrieved thereby; and it is further,

Ordered that the order is modified by deleting the provision thereof directing the payment of sanctions in the sum of $500 each by the petitioner and her attorney to the respondent as trustee and substituting therefor a provision directing the petitioner to deposit the sum of $500 with the Clerk of the Sur-

rogate's Court, Nassau County, for transmittal to the Commissioner of Taxation and Finance and directing the petitioner's attorney to deposit the sum of $500 with the Lawyers' Fund for Client Protection; as so modified, the order is affirmed, with costs to the respondent.

The petitioner commenced this proceeding to set aside a trust created by her mother, now deceased. In the order appealed from, the Surrogate's Court denied the petitioner's motion pursuant to CPLR 5015 (a) (3) to vacate certain prior orders of the court upholding the validity of the trust, on the ground that they had been procured by fraud and misconduct. The Surrogate also imposed a sanction against both the petitioner and her attorney.

Assuming that CPLR 5015 (a) (3) is applicable to the petitioner's allegations, the Surrogate properly denied that relief and imposed a sanction upon the petitioner, in light of the patently meritless basis of the motion (see, 22 NYCRR 130-1.1 [c] [1]). However, the Surrogate should not have directed that the sanctions be paid to the respondent (see, 22 NYCRR 130-1.3). O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.