■ JAMIE PINTO, Respondent, v NESIM PINTO, Appellant. [729 NYS2d 390] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated April 19, 2000, as denied his motion pursuant to CPLR 5015 to vacate the judgment of divorce entered March 28, 1998, and granted the plaintiff's cross motion to impose a sanction against him to the extent of directing him to pay a sanction in the sum of $2,500 to her.

Ordered that the order is modified by deleting the provision thereof directing the defendant to pay a sanction in the sum of $2,500 to the plaintiff and substituting therefor a provision

directing the defendant to deposit the sum of $2,500 with the Clerk of the Supreme Court, Nassau County, for transmittal to the Commissioner of Taxation and Finance; as so modified, the order is affirmed, with costs to the plaintiff.

The parties were divorced by judgment entered March 28, 1998. By decision and order dated April 26, 1999, this Court affirmed so much of the judgment of divorce as awarded the plaintiff title to all of the assets listed on both of their statements of net worth, if the defendant did not deliver a religious divorce known as a Get to the plaintiff within a specified period of time (*see, Pinto v Pinto,* 260 AD2d 622).

The defendant's motion to vacate the judgment of divorce on the ground that the plaintiff did not file and serve an affidavit pursuant to Domestic Relations Law § 253 (3) was properly denied. Contrary to the defendant's contention, he failed to establish that the plaintiff's omission in filing such an affidavit amounted to fraud, misrepresentation, or misconduct sufficient to entitle him to vacatur of the judgment of divorce (*see,* CPLR 5015 [a] [3]; *Golding v Golding,* 176 AD2d 20; *Perl v Perl,* 126 AD2d 91; *see also, Schwartz v Schwartz,* 235 AD2d 468).

The Supreme Court providently exercised its discretion in concluding that the defendant's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 and in granting the plaintiff's cross motion to impose a sanction upon him (*see, Marlin Entertainment Group v Mansoor,* 282 AD2d 579; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N. Y. v 198 Broadway,* 76 NY2d 411). The sum of $2,500 was appropriate (*see, Matter of Mancini v Mancini,* 245 AD2d 518). However, the Supreme Court erred in directing that the sanction be paid directly to the plaintiff rather than the Clerk of the Supreme Court, Nassau County, for transmittal to the Commissioner of Taxation and Finance (*see,* 22 NYCRR 130-1.3; *Matter of Esposito v Bourcet,* 275 AD2d 744). O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.