■ EIFS, INC., et al., Appellants, v MORIE COMPANY, INC., Respondent. [749 NYS2d 43] —In an action, inter alia, to recover damages for breach of contract and breach of warranty, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated April 23, 2001, which denied their motion for a protective order striking the defendant's second set of interrogatories, (2) an order of the same court, dated April 24, 2001, which denied their cross motion to compel the deposition of Julius J. Bodrog or to strike the consent to change attorney form filed by the defendant, and disqualify

Cozen O'Connor, P.C., from representing the defendant in this action, and (3) an order of the same court, entered April 30, 2001, which granted the defendant's motion to preclude them from offering expert testimony at trial as to their lost business claim.

Ordered that the order dated April 23, 2001, is reversed, and the motion for a protective order striking the defendant's second set of interrogatories is granted; and it is further,

Ordered that the order dated April 24, 2002, is modified, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to strike the consent to change attorney form, and substituting therefor a provision directing a representative of the defendant to comply with the requirements of CPLR 321 (b) and sign and acknowledge a consent to charge attorney form; as so modified, the order is affirmed; and it is further,

Ordered that the order entered April 30, 2002, is reversed, and the motion to preclude is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs; and it is further,

Ordered that the time within which a representative of the defendant must sign and acknowledge a consent to change attorney form is enlarged until 20 days after the service of a copy of this decision and order upon the defendant.

The Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion for a protective order with respect to the defendant's second set of interrogatories. The interrogatories consisted of over 110 questions, including subparts, posed to each plaintiff, together with five pages of instructions and definitions. They reiterated many items to which the plaintiff EIFS, Inc., had previously provided responses, both with respect to itself and the plaintiff Polymer Plastics Corp. Many of the interrogatories were improper, overly broad, or sought privileged information. Consequently, the interrogatories were patently burdensome, oppressive, and improper (*see Suffolk Bus. Ctr. v Applied Digital Data Sys.,* 128 AD2d 861; *Comstock & Co. v City of New York,* 80 AD2d 805; *Barouh Eaton Allen Corp. v International Bus. Mach. Corp.,* 76 AD2d 873). Rather than pruning the improper interrogatories, we grant the motion to strike the second set of interrogatories (*see Lopez v Huntington Autohaus,* 150 AD2d 351; *Jimmbo Corp. v Langtry Realty Corp.,* 120 AD2d 642).

In light of the ambiguity surrounding the terms of an oral conditional order of preclusion issued by the Supreme Court on

February 1, 2001, and the manner in which the plaintiffs were to produce the documents reviewed by their expert, it cannot be said that the plaintiffs' conduct in failing to physically provide those documents to the defendant was willful or contumacious. Accordingly, the Supreme Court improvidently exercised its discretion in precluding the plaintiffs' expert from testifying at trial with respect to their lost business claim (see Herd v Town of Pawling, 244 AD2d 317). Moreover, one of the factors on which the Supreme Court based its order of preclusion was the plaintiffs' failure to provide expert witness disclosure pursuant to CPLR 3101 (d) (1) (i). However, since the action was not yet placed on the trial calendar, discovery was not completed, and the defendant failed to establish any prejudice from the plaintiffs' failure to disclose such information before the conclusion of discovery, it was an improvident exercise of discretion to preclude their expert from testifying at trial on that basis (see Shopsin v Siben & Siben, 289 AD2d 220; Spreer v Whitestone Sav., F.A., 194 AD2d 602).

The consent to change attorney form, which was signed by an individual whom the defendant admits was not a party to this action, did not comply with CPLR 321 (b), which regulates the change of attorneys. Accordingly, the defendant is directed to comply with the requirements of that provision by filing a consent to change form signed and acknowledged by its proper representative. Since the plaintiffs had no reason to presume that the individual who signed and acknowledged the consent to change attorney form did not have the authority to do so, until the defendant identified that person as one who did not have the authority to sign and acknowledge the form, their failure to timely object to the substitution did not effectuate a waiver of their right to object. However, since the plaintiffs did not demonstrate prejudice from the lack of a proper substitution, the actions of Cozen O'Connor, P.C., on behalf of the defendant to date are not nullified, as directing compliance with CPLR 321 (b) is the more appropriate remedy (see Tillman v Mason, 193 AD2d 666; Juers v Barry, 114 AD2d 1009).

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was to compel a further deposition of the defendant. The plaintiffs failed to make a detailed showing of necessity for taking a further deposition by demonstrating that the two witnesses already deposed on behalf of the defendant had insufficient knowledge or were otherwise inadequate, or that the proposed witness possessed information material and necessary to the prosecution of their case (see Pisano v Door Control, 268 AD2d 416; Defina v Brooklyn Union

*Gas Co.,* 217 AD2d 681). Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.