■ ARTHUR T. BOTSAS, Appellant, v ABRAHAM C. GROSSMAN et al., Respondents. (Action No. 1.) ARTHUR T. BOTSAS, Appellant, v WESTERN QUEENS COMMUNITY HOSPITAL et al., Respondents. (Action No. 2.) [776 NYS2d 519]—

In two related actions, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Goldstein, J.), dated August 14, 2002, which denied his motion to restore Action No. 1 to the trial calendar, (2), as limited by his brief, from stated portions of an order of the same court (Milano, J.), dated September 6, 2002, which, among other things, denied those branches of his motion which were to direct the defendants in Action No. 1 to respond to interrogatories and to strike their answer and granted that branch of their cross motion which was to vacate the interrogatories served upon them, and (3), as limited by his brief, from stated portions of an order of the same court also dated September 6, 2002, which, inter alia, denied those branches of his motion which were to direct the defendants in Action No. 2 to respond to interrogatories and to strike their answer and granted that branch of the cross motion of the defendants in Action No. 2 which was to vacate the interrogatories served upon them.

Ordered that the order dated August 14, 2002, is affirmed; and it is further,

Ordered that the orders dated September 6, 2002, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to restore one of two related actions to the trial calendar pending completion of discovery in the companion action (*see Small v New York City Health &*

*Hosps. Corp.,* 306 AD2d 269 [2003]; *Maragos v Getty Petroleum Corp.,* 303 AD2d 652 [2003]).

The interrogatories submitted to the defendants in these companion actions, which contained multiple subparts and references to other documents, were patently overbroad and improper (*see EIFS, Inc. v Morie Co.,* 298 AD2d 548 [2002]; *Bettan v Geico Gen. Ins. Co.,* 296 AD2d 469, 471 [2002]). Under these circumstances, the Supreme Court properly denied those branches of the plaintiff's motions which were to compel the defendants to respond to the interrogatories and to strike their answers and vacated the interrogatories (*see Mangiapane v Brookhaven Beach Health Related Facility,* 305 AD2d 642 [2003]; *Mabey v Winthrop Univ. Hosp.,* 302 AD2d 371 [2003]; *Bettan v Geico Gen. Ins. Co., supra*).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.