■ LORRAINE STEVER, Respondent, v RANDELL STEVER, Appellant. [780 NYS2d 382]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated July 23, 2003, as denied that branch of his motion which was to compel the plaintiff wife to respond to interrogatories and as granted those branches of the plaintiff wife's cross motion which were to preclude him from offering evidence at trial regarding financial issues and to impose a sanction pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to compel the plaintiff to respond to interrogatories. The interrogatories, which consisted of 38 pages containing 79 questions with multiple subparts, together with instructions and definitions, were patently overbroad, burdensome, and improper (see Botsas v Grossman, 7 AD3d 654 [2004]; EIFS, Inc. v Morie Co., 298 AD2d 548 [2002]; Bettan v Geico Gen. Ins. Co., 296 AD2d 469 [2002]).

Furthermore, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to preclude the defendant from offering evidence at trial regarding financial issues (see CPLR 3126 [2]). The defendant's willful and contumacious conduct could be inferred from his failure to comply with court orders directing him to proceed with depositions, and the inadequate excuses offered for his failures to comply (see Conch Assoc. v PMCC Mtge. Corp., 303 AD2d 538 [2003]; Kingsley v Kantor, 265 AD2d 529 [1999]; Espinal v City of New York, 264 AD2d 806 [1999]).

Moreover, the imposition of a sanction upon the defendant for his failure to comply with court-ordered depositions was warranted (see CPLR 3126).

The defendant's remaining contention is improperly raised for the first time on appeal and has not been considered (see Nobles v Procut Lawns Landscaping & Contr., 7 AD3d 768 [2004]). Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.