■ GLENDALYN DOWNING, Appellant, v TOMAS MOSKOVITS et al., Respondents, et al., Defendants. [873 NYS2d 320]—In an action, inter alia, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated July 10, 2007, as denied those branches of her motion which were to compel the defendants Tomas Moskovits and Crystal Group, LLC, to respond to interrogatories and certain document requests, and granted so much of the cross motion of those defendants as sought a protective order striking the interrogatories and document requests.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" 'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court' " (*Olexa v Jacobs,* 36 AD3d 776, 777 [2007], quoting *Ito v Dryvit Sys.,* 5 AD3d 735 [2004]). " 'Under our discovery statutes and case law, competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party' " (*Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952,

954 [1998], quoting *O'Neill v Oakgrove Constr.*, 71 NY2d 521, 529 [1988]). Here, upon balancing the parties' interests, the Supreme Court properly determined, inter alia, that the defendants Tomas Moskovits and Crystal Group, LLC (hereinafter the defendants), had already provided sufficient answers to interrogatories. The interrogatories and document requests, other than those which resulted in the responses already provided by the defendants, were overbroad and improper (*see Stever v Stever*, 10 AD3d 358, 359 [2004]; *Botsas v Grossman*, 7 AD3d 654, 655 [2004]; *EIFS, Inc. v Morie Co.*, 298 AD2d 548, 549 [2002]), with the exception of the court's determination that the defendants were to provide all correspondence between themselves, as well as with the plaintiff, related to the subject real estate transaction. Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were to compel the defendants to respond to interrogatories and certain document requests.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.