MATTHEW R. GARRITY, SR., Appellant-Respondent, v DELIA K. GARRITY, Respondent-Appellant. [895 NYS2d 194]—

In a matrimonial action in which the parties were divorced by judgment dated November 10, 2008, the defendant appeals from (1) so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 10, 2008, as denied that branch of her motion which was for an award of an attorney's fee, and (2) so much of an order of the same court dated December 22, 2008, as, upon reargument, adhered to the original determination in the order dated November 10, 2008, denying that branch of her motion which was for an award of an attorney's fee, and the plaintiff cross-appeals from (1) so much of the order dated November 10, 2008, as, in effect, granted that branch of the defendant's motion which was, in effect, to accept and sign the

qualified domestic relations order submitted by the defendant, and (2) so much of the order dated December 22, 2008, as denied his motion to modify the qualified domestic relations order to limit the defendant's share of his pension to $784.17 per month.

Ordered that the appeal from so much of the order dated November 10, 2008, as denied that branch of the defendant's motion which was for an award of an attorney's fee is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated December 22, 2008, made upon reargument; and it is further,

Ordered that the order dated November 10, 2008, is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 22, 2008, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In light of the defendant's attempts to prolong the litigation, and the fact that the parties have virtually equal financial resources, the Supreme Court providently exercised its discretion in denying the defendant an attorney's fee (*see Herzog v Herzog*, 18 AD3d 707,709 [2005]; *Kret v Kret*, 222 AD2d 412, 413 [1995]).

The plaintiff contends that the Supreme Court erred in, in effect, granting that branch of the defendant's motion which was, in effect, to accept and sign the Qualified Domestic Relations Order submitted by the defendant, which directed that the plaintiff's pension be distributed in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]), when the stipulation of settlement did not refer to *Majauskas*. We disagree. Contrary to the plaintiff's contention, there was no agreement regarding the distribution of his pension plan. In determining whether an agreement exists, the inquiry centers upon the parties' intent to be bound and whether there was a meeting of the minds regarding the material terms of the transaction (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105 [1981]). Here, the parties never reached an agreement on an essential term, i.e., whether the defendant was to receive the fixed sum of $784.17 per month as her share of the plaintiff's pension, or whether that sum was subject to increase. Since there was no agreement as to how the pension should be allocated to the defendant, the Supreme Court was required to distribute the plaintiff's pension. The Supreme Court providently exercised its discretion in directing distribution of the pension in accordance with the equitable distribution formula set forth in *Majauskas* (*see Luongo v Luongo*, 50 AD3d 858, 859 [2008]; *Harrington v Harrington*, 300 AD2d 861, 864 [2002]). Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.