■ FORTUNE MIZRACHI, Respondent, v DANNY MIZRACHI, Appellant. [919 NYS2d 392]—

The Supreme Court did not improvidently exercise its discretion in distributing the marital residence to the plaintiff (*see* Domestic Relations Law § 236 [B] [5] [d], [h]; *Pinto v Pinto*, 260 AD2d 622 [1999]; *Schwartz v Schwartz*, 235 AD2d 468, 469 [1997]).

An award of custody is based primarily on the best interests of the children (*see* Domestic Relations Law § 70; *Salvatore v Salvatore*, 68 AD3d 966, 966 [2009]). Here, the Supreme Court did not improvidently exercise its discretion, based on its assessment of the parties' credibility, character, and temperament, in concluding that the award of custody of the children to the plaintiff was in the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Bourne v Bristow*, 66 AD3d 621, 622 [2009]). Inasmuch as the Supreme Court's determination has a sound and substantial basis in the record, we decline to disturb it (*see Salvatore v Salvatore*, 68 AD3d at 966-967).

After the plaintiff met her prima facie burden of establishing that the defendant failed to pay child support as ordered, the defendant failed to offer credible evidence of his inability to pay. Accordingly, he was properly held in civil contempt for his willful violation of the order of support (*see Matter of Maldonado v Maldonado*, 74 AD3d 971, 971-972 [2010]; *Matter of Greene-Tyus v Tyus*, 61 AD3d 758 [2009]; *Matter of Fraser v Green*, 57 AD3d 896 [2008]).

The defendant's remaining contention is not properly before this Court. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.