(April 26, 2011)

■ MARINA ALTON, Respondent-Appellant, v HENRY ALTON, Appellant-Respondent. [922 NYS2d 438]—

In an action for a divorce and ancillary relief, the defendant husband appeals, (1) as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Morgenstern, J.), entered October 28, 2009, as incorporated, but did not merge, the provisions of the parties' stipulation of settlement dated December 2, 2008, relating to equitable distribution, maintenance, his obligation to purchase an apartment for the plaintiff wife, and the validity of the parties' prenuptial agreement dated November 15, 2004, and thereupon equitably distributed the parties' martial property, awarded maintenance to the plaintiff, and directed him to purchase an apartment for the plaintiff, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as purportedly restricted her from residing at a certain apartment complex of her choice and, (2) the defendant husband separately appeals, as limited by his brief, from so much of an order of the same court dated July 12, 2010, as denied those branches of his motion which were to set aside and vacate the stipulation of settlement to the extent that the stipulation of settlement related to equitable distribution, maintenance, his obligation to purchase an apartment for the plaintiff, and the validity of the parties' prenuptial agreement, to enjoin the plaintiff from consummating or entering into a contract for the purchase of a certain apartment, and for a $50,500 credit and offset against his obligation to the plaintiff, and, in effect, granted those branches of the plaintiff's cross motion which were to direct him to transfer the sum of $500,000 to the plaintiff's counsel's escrow account for the use by the plaintiff in purchasing an apartment, and for an award of counsel fees in the amount of $5,000.

Ordered that the appeal from so much of the order as denied those branches of the defendant's motion which were to set

aside stated portions of the stipulation of settlement is dismissed as academic in light of our determination on the appeal from the judgment and because no motion lies to set aside a stipulation of settlement that is incorporated, but not merged, into a judgment; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the provisions of the order denying those branches of the defendant's motion which were to set aside stated portions of the stipulation of settlement are vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof, in effect, granting those branches of the plaintiff's cross motion which were to direct the defendant to transfer the sum of $500,000 to the plaintiff's counsel's escrow account for the use by the plaintiff in purchasing an apartment and for an award of counsel fees in the amount of $5,000, and substituting therefor provisions denying those branches of the cross motion; as modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that pending a new determination with respect to maintenance, the defendant shall pay monthly maintenance to the plaintiff in accordance with the schedule set forth in the judgment; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant husband contends that the Supreme Court erred in denying those branches of his motion which were to set aside the provisions of the parties' oral, on-the-record stipulation of settlement relating to equitable distribution, maintenance, his obligation to purchase an apartment for the plaintiff wife, and the validity of the parties' prenuptial agreement, because there was no meeting of the minds on an essential material term, to wit, the purchase price of the subject apartment. Since, however, a judgment was entered that purported to incorporate the terms of the putative settlement, the defendant was precluded from challenging the validity or enforceability of the settlement by way of motion, but was required either to appeal from the judgment or commence a plenary action (see Christian v Christian, 42 NY2d 63, 72 [1977]; Barany v Barany, 71 AD3d 613, 614 [2010]). Since the defendant appealed from the judgment, we reach the merits of the defendant's contention that no stipulation of settlement was, in fact, consummated.

"In determining whether an agreement exists, the inquiry centers upon the parties' intent to be bound and whether there was a meeting of the minds regarding the material terms of the transaction" (*Garrity v Garrity*, 70 AD3d 894, 895 [2010]). A review of the transcribed proceedings at which the parties attempted to negotiate a settlement reveals that the parties never reached an agreement on the essential and material term regarding the purchase price of the apartment. The provisions relating to the apartment purchase are intertwined and integrated with the other provisions of the disputed stipulation of settlement, i.e., the provisions relating to equitable distribution, maintenance, and the validity of the parties' prenuptial agreement. Accordingly, the Supreme Court should not have incorporated the disputed stipulation of settlement provisions into the judgment of divorce.

Domestic Relations Law § 238 authorizes a court, in its discretion, to award counsel fees in a proceeding to enforce the provisions of a divorce judgment (*see* Domestic Relations Law § 238). However, in light of our determination with respect to the stipulation of settlement provisions disputed by the defendant, the award of counsel fees to the plaintiff was an improvident exercise of discretion, since the basis for her request for such an award was premised upon her defense of those disputed provisions (*see generally Lee v Lee*, 57 AD3d 487, 488 [2008]; *cf. Lazansky v Lazansky*, 148 AD2d 501 [1989]).

The parties' remaining contentions either have been rendered academic in light of our determination or are without merit. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.