In an action for divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated May 31, 2012, which, after a hearing, granted the plaintiffs motion for an award of counsel fees.
Ordered that the order is affirmed, with costs.
An award of reasonable counsel fees in a matrimonial action *998 is a matter within the discretion of the trial court (see Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; O’Shea v O’Shea, 93 NY2d 187, 190 [1999]). In determining a motion for such fees, the trial court must consider, inter alla, the relative financial circumstances of the parties (see Guzzo v Guzzo, 110 AD3d 765 [2013]; Sotnik v Zavilyansky, 101 AD3d 1102 [2012]; Chaudry v Chaudry, 95 AD3d 1058 [2012]; Siskind v Siskind, 89 AD3d 832 [2011]; Raynor v Raynor, 68 AD3d 835, 839 [2009]).
Here, the Supreme Court based its award of counsel fees on the disparity in the parties’ income. Further, the defendant’s testimony at the hearing regarding his employment and other financial matters was of questionable credibility. Under these and other circumstances, the award of counsel fees was a provident exercise of discretion (see Guzzo v Guzzo, 110 AD3d 765 [2013]; Sotnik v Zavilyansky, 101 AD3d 1102 [2012]; Chaudry v Chaudry, 95 AD3d 1058 [2012]; Siskind v Siskind, 89 AD3d 832 [2011]; Raynor v Raynor, 68 AD3d at 839). Skelos, J.E, Austin, Sgroi and LaSalle, JJ., concur.