SHELLEY MIZRAHI-SROUR, Respondent, v ALBERT SROUR,
Appellant. [29 NYS3d 516]—

Appeal from stated portions of a judgment of the Supreme
Court, Kings County (Esther M. Morgenstern, J.), dated
December 17, 2012. The judgment, after a nonjury trial, inter
alia, awarded the plaintiff sole custody of the parties' children,
with limited visitation to the defendant, awarded the plaintiff
maintenance of $100 per week for five years, which would be
increased to $200 per week if the defendant did not provide a
Get to the plaintiff within 60 days, awarded the plaintiff sup-
port arrears of $47,324, distributed 70% of the marital assets
to the plaintiff, and awarded the plaintiff counsel fees.

Ordered that the judgment is affirmed insofar as appealed
from, with costs.

The parties were married on October 13, 1996, and have four
children, born between 1998 and 2008. On October 21, 2009,
the plaintiff commenced this action, inter alia, for divorce on
the ground of cruel and inhuman treatment.

During the marriage, the parties operated a business called
the Mosso Group. The defendant acknowledged that the
plaintiff held a 50% interest in that business. In April 2010,
pursuant to a preliminary conference order, the parties were
directed to exchange tax returns and other financial documen-
tation within 45 days, and were advised that a failure to comply
may result in sanctions. In July 2010, the plaintiff sought
preclusion for the defendant's failure to provide discovery. On
September 1, 2010, both orally and by written order, the
Supreme Court directed that all discovery be completed by
November 3, 2010. Also on September 1, 2010, an order was is-
sued directing appraisal of the Mosso Group, with the defend-
ant to pay the cost of the appraisal. He failed to do so, and
failed to comply with discovery. As a result, at the nonjury
trial, the defendant was precluded from introducing certain
evidence of business finances. The defendant appeals from
stated portions of the judgment after trial.

The Supreme Court providently exercised its discretion in

precluding the defendant from introducing the subject evidence of business finances. The defendant's repeated failures to comply with court orders relating to discovery were willful and contumacious, and justified the sanction imposed (*see Richards v RP Stellar Riverton, LLC*, 136 AD3d 1011 [2016]; *Stever v Stever*, 10 AD3d 358 [2004]).

Prior to trial, the parties attempted to enter into a written stipulation which stated, among other things, that all "civil matters and legal matters, including [an] order [of] protection are to be canceled immediately." After the parties were unable to agree on the record to the terms of the written stipulation, the matter proceeded to trial. The Supreme Court properly declined to accept the proposed written stipulation, since there was no meeting of the minds regarding the material terms of the proposed settlement (*see Alton v Alton*, 83 AD3d 972, 974 [2011]).

After trial, the plaintiff was awarded sole custody of the children, and the defendant was awarded limited visitation. This determination was supported by a sound and substantial basis in the record (*see Matter of Dillon O.B. v McLaren*, 133 AD3d 743 [2015]).

The Supreme Court properly imputed $72,486 in annual earnings to the defendant, based upon his prior income (*see Curran v Curran*, 2 AD3d 391 [2003]), and its determination that the defendant's account of his finances was incredible (*see Weitzner v Weitzner*, 120 AD3d 1406, 1407 [2014]).

The plaintiff was awarded durational maintenance of $100 per week for five years, which would be increased to $200 per week if the defendant did not provide a Get (Jewish religious divorce) to the plaintiff within 60 days, and child support of $401.21 per week, which would be reduced to $370 per week if the maintenance increased to $200 per week. The plaintiff was also awarded $47,324 in support arrears. The provision increasing the durational maintenance award to the plaintiff by $100 per week to adjust for the adverse economic consequences which would result to her from the defendant's refusal to grant her a Get was proper and was not an impermissible interference with religion (*see* Domestic Relations Law §§ 236 [B] [6] [d]; 253 [6]; *Mizrachi v Mizrachi*, 82 AD3d 1178 [2011]; *Pinto v Pinto*, 260 AD2d 622 [1999]; *Schwartz v Schwartz*, 235 AD2d 468, 469 [1997]).

Considering the economic misconduct of the defendant and his frustration of any attempt to value the family business, which he apparently abandoned, the Supreme Court awarded the plaintiff 70% of the known marital estate, which consisted

of the marital residence, two life insurance policies, and retirement funds. The record supports the Supreme Court's finding that the defendant dissipated marital assets by choosing to abandon the business until the litigation concluded (*see Owens v Owens*, 107 AD3d 1171, 1174 [2013]).

The parties submitted applications for counsel fees on papers. The plaintiff sought an award of $84,268 in counsel fees, in addition to $5,000 previously awarded. The Supreme Court limited her award to $70,000, payable from the proceeds from the sale of the marital residence. An award of counsel fees to the plaintiff was warranted, since "[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237 [a]). Further, the defendant generated substantial fees with his obstructive litigation tactics. The award was less than the amount demanded, and was based upon the court's assessment of the parties' circumstances revealed at trial. Under the circumstances, the award was a provident exercise of discretion (*see Dunn v Dunn*, 116 AD3d 997 [2014]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.

Motion by the respondent on an appeal from a judgment of the Supreme Court, Kings County, dated December 17, 2012, inter alia, to strike stated portions of the record and the appellant's brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated March 30, 2015, that branch of the motion which is to strike pages 63 through 65 and 210 through 238 of the record and stated portions of the appellant's brief was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike pages 63 through 65 and 210 through 238 of the record and stated portions of the appellant's brief is granted, and pages 63 through 65 and 210 through 238 of the record and all references to those pages in the appellant's brief are deemed stricken and have not been considered on appeal. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.