WLP 91-09 Jamaica Ave., LLC v Patel (2022 NY Slip Op 03276)





WLP 91-09 Jamaica Ave., LLC v Patel


2022 NY Slip Op 03276


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-03850
 (Index No. 702937/16)

[*1]WLP 91-09 Jamaica Avenue, LLC, respondent,
v
Mukesh Patel, appellant.


Manmohan K. Bakshi, P.C., Manhasset, NY, for appellant.



DECISION & ORDER
In an action to recover on a personal guaranty, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered May 15, 2020. The order granted the plaintiff's motion, in effect, to vacate a dismissal of the complaint, to restore the action to the trial calendar, and to compel the defendant to respond to a notice to admit.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover on a personal guaranty executed on a commercial lease. On the day that trial of the matter was scheduled, the Supreme Court, in effect, directed dismissal of the complaint because the attorney appearing for the plaintiff, who had changed law firms during the course of his representation of the plaintiff, had not properly filed a consent to change attorney form. Shortly thereafter, the plaintiff moved, in effect, to vacate the dismissal, to restore the action to the trial calendar, and to compel the defendant to respond to a notice to admit, which the defendant had rejected solely on the basis that the plaintiff's attorney, who served the notice, was not its attorney of record. By order entered May 15, 2020, the Supreme Court granted the motion, and the defendant appeals.
Since the defendant has not demonstrated any prejudice arising from the technical failure to comply with CPLR 321(b), dismissal on that basis was not warranted (cf. HSBC Bank USA, N.A. v Caesar, 200 AD3d 865, 866; Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009; Tillman v Mason, 193 AD2d 666, 667). Rather, the proper remedy was to direct compliance with that statute (see EIFS, Inc. v Morie Co., 298 AD2d 548, 550; Tillman v Mason, 193 AD2d at 667). Accordingly, the Supreme Court correctly vacated the dismissal of the complaint, and a consent to change attorney form having been filed, properly restored the action to the trial calendar and directed the defendant to comply with the notice to admit.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court