| |
|---|
| **M.O. v Roman Catholic Diocese of Brooklyn** |
| 2025 NY Slip Op 32404(U) |
| July 8, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 516999/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# KINGS COUNTY

PRESENT:  **HON. SABRINA B. KRAUS**          PART          CVA 1 / 57

*Justice*

----------------------------------------------------------------------X          INDEX NO.          516999/2021

M.O.,,

Plaintiff,

-against-

**DECISION & ORDER ON MOTION**

ROMAN CATHOLIC DIOCESE OF BROOKLYN and ST. JOSEPH ROMAN CATHOLIC CHURCH

Defendants.

----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002 & 003) 38-50, 56, 58, 60-67, 53-55, 57,59, 68-75

were read on this motion to/for          _____VACATE & X MOTION TO STRIKE_____ .

## BACKGROUND

Plaintiff in this CVA action makes the following allegations.

Plaintiff was a foster child in a family who worshipped at St. Joseph. In 1985 to 1988, when Plaintiff was ten to twelve years old, she was a parishioner and a catechism student at St. Joseph. As a catechism student, Plaintiff had contact with Father Offenheiser ("Offenheiser"). Offenheiser began grooming Plaintiff shortly after her arrival at St. Joseph. Offenheiser was aware that Plaintiff was in foster care and went out of his way to provide "special instruction" by isolating Plaintiff from her peers.

From 1985 to 1988, Offenheiser sexually abused and assaulted Plaintiff. The acts of sexual abuse and assault included performing oral sex on Plaintiff; forcing Plaintiff to fondle

516999/2021

[* 1]

Offenheiser's penis: forcing Plaintiff to perform oral sex on Offenheiser; and Offenheiser's anal rape of Plaintiff.

Plaintiff alleges this occurred once a week during catechism classes from approximately 1985 to 1988 in a classroom on St. Joseph premises. Offenheiser's behavior was open. Other priests and nuns who were conducting catechism classes were aware that Plaintiff was being called out of class on each day that class occurred.

The complaint asserts a cause of action for negligence against each of the defendants.

The Diocese filed an answer asserting twenty affirmative defenses including that Offenheiser was not their employee or agent and not under their control, denying that the abuse occurred, and lack of notice of Offenheiser's propensities. St Jospeh filed an answer asserting similar defenses.

On April 4, 2025, this Court conducted an *in camera* review of Offenheiser's personnel file and ordered much of the material defendant had redacted produced. To date Defendant has failed to comply with this Court's April 21, 2025, order.

## PENDING MOTIONS

On June 13, 2025, The Roman Catholic Diocese of Brooklyn, New York (the "Diocese") move for an order pursuant to CPLR §2221(a), vacating and/or modifying each and every portion of the Court's April 21, 2025 that is adverse to the Diocese's interests, and for related relief.

On the same date, Plaintiff cross-moved for an order striking The answer of the Diocese based on its willful failure to comply with this Court's order and for sanctions for frivolous conduct alleged undertaken by the Diocese in connection with "baseless and misleading filings" with the Court pursuant to NYCRR § 130-1.1.

516999/2021

On June 20, 2025, the motion and cross-motion were marked submitted and the Court reserved decision.

For the reasons set forth below, the motion is denied, and the cross-motion is conditionally granted.

## DISCUSSION

### This Court Retains Broad Discretion to Set Terms and Conditions for Efficient Discovery Practice in the Administration of CVA Actions

"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court" (*Ito v. Dryvit Sys.,* 5 A.D.3d 735, 735, 773 N.Y.S.2d 599 [internal quotation marks omitted]; *see Downing v. Moskovits,* 58 A.D.3d 671, 873 N.Y.S.2d 320). "The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (*Provident Life & Cas. Ins. Co. v. Brittenham,* 284 A.D.2d 518, 518, 727 N.Y.S.2d 142; *see Wander v. St. John's Univ.,* 67 A.D.3d 904, 905, 888 N.Y.S.2d 412).

*Caro v. Marsh USA, Inc.*, 101 A.D.3d 1068, 1069 (2012).

It is blackletter law in New York that this Court has broad discretion in controlling discovery and disclosure. CPLR 3104(a); *Maiorino v. City of New York*, 39 AD3d 601, 601 (2d Dept. 2007); *see also Castillo v. Henry Schein, Inc.*, 259 AD2d 651, 652 (2d Dept. 1999). The Court has such discretion, including the authority to supervise discovery and compel the production of relevant documents, because it is familiar with the action before it and is in the best position to ensure discovery moves forward in a reasonable and efficient manner while considering the representations and positions of the parties. *Asprou v. Hellenic Orthodox Community of Astoria*, 185 AD3d 638, 639 (2d Dept. 2020), *quoting Encalada v. Riverside Retail, LLC*, 175 AD3d 467, 469 (2d Dept. 2019); *see Gould v. Decolator*, 131 AD3d 445, 446-447 (2d Dept. 2015); *Stone v. Zinoukhova*, 119 AD3d 928, 929 (2d Dept. 2014); *Murphy v. Hamilton*, 90 AD3d 1294, 1295 (3d Dept 2011).

516999/2021

[* 3]

Discovery in this and related CVA actions has already been unnecessarily protracted. Movant puts a huge amount of emphasis on the fact that this Court ordered the *in camera* review of a Priest's file without requiring Plaintiff to formally move for such relief. Movant refers to this repeatedly as the Court's "*sua sponte* Order", implying that this fact alone warrants vacatur of the Court's underlying order.

However, this procedure, instituted by the Court in CVA actions serves to promote the efficient administration of justice in the thousands, **literally thousands**, of CVA actions this Court presides over in all five boroughs of New York City and both the First and Second Departments. Rather than requiring a plaintiff to move for an *in camera* inspection, and allowing defendants to cross move for relief, only to issue an order providing that the motion and cross-motion are granted to the extent of directing the *in camera* review, the Court directs that the documents in question be provided for the review and then allows the parties, if necessary, to make any motions afterwards, once substantiative determinations have been made.

Movant, as acknowledged in its moving papers, still has an avenue to appeal and thousands of needless motions, including the one that Movant bemoans not having had the opportunity to make in this case are avoided.

Moreover, this process has met with approval from Appellate Courts.

**Contrary to the Archdiocese's contention, while not specifically requested by plaintiffs, the motion court acted well within its discretion in ordering disclosure of the personnel files of nine notice witnesses at OLMC**, most of whom are deceased (*see Hyman v. Able & Ready Appliance Repair Corp.*, 193 A.D.3d 509, 510, 141 N.Y.S.3d 849 [1st Dept. 2021]). **These individuals were named by plaintiffs as having knowledge of the alleged abuse. Since their personnel files may provide evidence of the disputed claims of the Archdiocese's supervision and control of the OLMC employees, this information is material and necessary to the action and thus discoverable** (*see Junmei Zhang v. City of New York*, 198 A.D.3d 504, 505, 152 N.Y.S.3d 591 [1st Dept. 2021]; *see generally Matter of Kapon v. Koch*, 23 N.Y.3d 32, 38, 988 N.Y.S.2d 559, 11 N.E.3d 709 [2014]). **The Archdiocese has failed to meet its**

516999/2021

**burden showing that such disclosure is improper or seeks confidential materials** (*see Matter of All Plaintiffs in Child Victims Act NYC Litig. v. All Defendants in Child Victims Act NYC Litig.,* 200 A.D.3d 476, 479, 160 N.Y.S.3d 7 [1st Dept. 2021]).

*Doe XIII v. Archdiocese of New York,* 231 A.D.3d 436, 437 (1st Dept., 2024)(*Emphasis added*).

Disclosure in civil actions is generally governed by CPLR 3101(a), which directs: "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." We have emphasized that "[t]he words, 'material and necessary', are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason"

*Forman v. Henkin,* 30 N.Y.3d 656, 661 (2018). The "statute embodies the policy determination that liberal discovery encourages fair and effective resolution of disputes on the merits, minimizing the possibility for ambush and unfair surprise" (*Spectrum Sys. Intl. Corp. v. Chemical Bank,* 78 N.Y.2d 371, 376 [1991]).

The party opposing the discovery request bears the burden of showing the requested items are exempt or immune from disclosure (*see NYAHSA Servs., Inc., Self–Ins. Trust v. People Care Inc.,* 155 A.D.3d 1208, 1209, 64 N.Y.S.3d 725 [2017]), and the opposing party cannot satisfy this burden "with wholly conclusory allegations" (*Madison Mut. Ins. Co. v. Expert Chimney Servs., Inc.,* 103 A.D.3d 995, 996 [2013]).

### *The Diocese's Privilege Log Failed to Comport with CPLR Requirements*

CPLR §3122(b) provides:

Whenever a person is required pursuant to such a notice, subpoena duces tecum or order to produce documents for inspection, and where such person withholds one or more documents that appear to be within the category of the documents required by the notice, subpoena duces tecum or order to be produced, such person shall give notice to the party seeking the production and inspection of the documents that one or more such documents are being withheld. **This notice shall indicate the legal ground for withholding each such document, and shall provide the following information as to each such document, unless the party withholding the document states that divulgence of such information would cause disclosure of the allegedly privileged information: (1) the**

516999/2021

[* 5]

**type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum.**

N.Y. C.P.L.R. 3122 (McKinney)(emphasis added).

The Diocese argues in support of its motion that the requirements of providing a description of the document being withheld only apply when a privilege is asserted. This is belied by the plain language of the statute above which mandates that the information describing the document be included and in no way limits the requirements to cases where a privilege is asserted. Indeed, how is plaintiff to respond to arguments when he has no idea what type of documents is at issue, the date of the document or any other factor than the Diocese has unilaterally decided is not relevant. Not only has the Diocese failed to comply with the statutory requirements of the privilege log in this case, but in every CVA action in which a privilege log is required. The Diocese has also ignored this Court's longstanding orders in CVA actions to comply with the statute when submitting documents for *in camera* review.

This Court's ruling in that regard is directly aligned with that of the Appellate Division Second Department which has held " … defendant did not comply with the requirements of CPLR 3122(b), as it failed to identify the type of document being withheld, the general subject matter of each document, and the date of the document (*see Matter of Subpoena Duces Tecum to Jane Doe,* 99 N.Y.2d 434, 442, 757 N.Y.S.2d 507, 787 N.E.2d 618; *Ural v. Encompass Ins. Co. of Am.,* 97 A.D.3d 562, 567, 948 N.Y.S.2d 621)." *Stephen v. State*, 117 A.D.3d 820, 821 (2014).

Additionally, as the Diocese explicitly concedes that there is no applicable privilege applying to any of the documents it found to be responsive enough to be included in the production, but which it determined unilaterally was not sufficiently relevant to be produced unredacted the Diocese can claim no prejudice in the production of such documents, nor can the

516999/2021

Page 6 of 9

production be deemed burdensome as they have already been identified and are ready for production. Certainly, the Diocese has failed to establish these documents are utterly irrelevant and cannot lead to relevant evidence. *Kapon v. Koch*, 23 N.Y.3d 32, 34 (2014)(*movant must establish either that the discovery sought is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious*).

### *The Diocese in Their Answer Denies that the Abuse Occurred*

Movant argues that the Court incorrectly found that the Diocese in its answer denied the abuse occurred. The eleventh affirmative defense asserted by the Diocese reads:

> It is alleged in the Complaint that the damages sustained by the plaintiff were the result of the acts of the defendants. **The defendant Diocese denies that such act occurred**, but in the event that it is determined that such acts did occur and were undertaken by an employee of the defendant Diocese, then the defendant Diocese asserts that it did not have notice or awareness of any propensity on the part of any employee to commit such acts as alleged in the Complaint.

### *CPLR 4504 and/or HIPPA/ADA*

The Diocese alleges the Court misapprehended the law in directing the production of Offenheiser's medical records. The Diocese primarily relies on a 2011 case which was not a CVA action or even an action for damages based on sexual abuse but rather was an action seeking damages for defamation and unlawful termination of employment in violation of Labor Law §740, *Friel v Papa* 87 AD3d 1108 (2nd Dept., 2011).

In that action the Appellate Division found that the waiver did not allow for the production of the medical documents because defendant had produced "… an authorization which strictly limited the disclosure of his medical information to certain individuals for a limited time and purpose." *Id* at 1111.

516999/2021

In this case the Diocese has neither produced such a document limiting the waiver, nor even alleged that same exists. In the context of CVA actions, this had been held to be insufficient to protect the disclosure of medical records that have already been shared with third parties *see eg Doe v. Haight*, 70 Misc. 3d 715, 719 (N.Y. Sup. Ct. 2020)(*holding Diocese had failed to show the waiver was narrow by failing to produce any document which indicated same*). Haight was the subject of a law review article by Professor Michael Hutter, who summarized its holding as follows:

> Judge Michael Mackey in a thorough decision compelled disclosure. In his view, the Diocese could not assert privilege on behalf of the priest, and any privilege associated with the records was destroyed when he voluntarily provided them to his employer. He further held that the priest was the beneficiary of the privilege, was a party to the action, and it was incumbent on him to assert any claim of privilege on his own behalf, which he did not do. Notably, Judge Mackey held the medical information provided to a patient's employer for use in making employee management decisions was not privileged. By agreeing to allow the Bishop to review the records, so as to convince him that the individual defendant was fit to continue serving as a priest for the Diocese, the priest necessarily opened himself up to the possibility that those records would be used in a subsequent lawsuit challenging the propriety of the Diocese's decision to terminate him. Thus, there was no reasonable expectation of confidentiality.

Michael J. Hutter, *Evidence*, 72 Syracuse L. Rev. 747, 790 (2022).

The Court has considered the remaining arguments of the Diocese and finds them unavailing. There is no basis to issue a stay. The Diocese has already deliberately failed to comply with the Court order since April, and this action now pending for four years is still struggling to complete discovery and reach a note of issue.

## THE CROSS-MOTION

The branch of Plaintiff's cross-motion which seeks to strike the answer is granted to the extent that Diocese's answer will be stricken pursuant to CPLR §3126 unless the redacted pages are produced to Plaintiff within five days of service of this order with notice of entry.

516999/2021

This order shall be self-executing, and will become absolute upon the Diocese's failure to comply, without the necessity of further motion practice. See *Standard Fire Ins. Co. v Federal Pacific Electric Co.*, 14 AD3d 213 (1st Dept. 2004); *Lopez v City of New York*, 2 AD3d 693 (2nd Dept. 2003).

The Court has considered the other relief sought by both parties and finds said relief unwarranted.

This constitutes the decision and order of the Court.

7/8/2025
DATE

HON. SABRINA KRAUS

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

516999/2021

[* 9]