■ CENTRAL BUFFALO PROJECT CORPORATION, Respondent, v RAINBOW SALADS, INC., et al., Appellants, and KARLA WAGNER

et al., Respondents. (Appeal No. 1.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Memorandum: Special Term properly concluded that the report based upon a review of petitioner's books and financial records prepared by William Mahaney, CPA, was not exempt from discovery. CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action" and this provision is accorded a liberal interpretation in favor of disclosure *(Nitz v Prudential-Bache Secs.,* 102 AD2d 914, 915). When a party claims that particular records or documents are exempt or immune from disclosure, the burden is on the party asserting such immunity *(Zimmerman v Nassau Hosp.,* 76 AD2d 921). This burden is imposed because of the strong policy in favor of full disclosure *(Koump v Smith,* 25 NY2d 287, 294). Respondents failed to satisfy their burden of showing such immunity. The report does not constitute evidence of an offer of settlement which would be exempt from disclosure *(see, Tennant v Dudley,* 144 NY 504, 507-508). Rather, it constitutes factual admissions made during settlement negotiations that are not privileged from disclosure unless expressly stated to be without prejudice *(see, e.g., Crow-Crimmins-Wolff & Munier v County of Westchester,* 126 AD2d 696, 697; *see also, Paine, Webber, Jackson & Curtis v Alanthus Corp.,* 82 AD2d 877). Here, no limitation or restriction was placed upon the use of the report. Moreover, the report is not exempt from disclosure because of the attorney-client privilege (CPLR 4503). The report is not a communication between respondents and their attorney but is an exchange between the attorney and a third party hired to review certain operating costs charged by petitioner *(see, Kenford Co. v County of Erie,* 55 AD2d 466, 469). Nor is the Mahaney report exempt from disclosure as the work product of an attorney (CPLR 3101 [c]). The work product of an attorney is a concept which has been very narrowly construed *(Chemical Bank v National Union Fire Ins. Co.,* 70 AD2d 837). It embraces "interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal beliefs" that were held, prepared or conducted by the attorney *(Hickman v Taylor,* 329 US 495, 511). Here, the Mahaney report was prepared by a third party and thereafter conveyed to the attorney and hence, does not come within the exclusion *(Kenford Co. v County of Erie, supra,* at 469-470; *see also, People v Edney,* 39 NY2d 620). Finally, we note that respondents' claim that the Mahaney report is exempt from disclosure by virtue of the expert opinion privilege (CPLR 3101 [d]) is raised for the first time on appeal and

is unpreserved for our review (see, Van Wormer v Leversee, 87 AD2d 942, 943). Were we to reach the merits of this claim, however, we would conclude that the Mahaney report is not exempt from discovery on this ground because there is no showing that it was prepared "in anticipation of litigation or for trial" (CPLR 3101 [d] [2]). On the contrary, respondents' attorney averred in his affidavit that Mahaney was retained "solely for the purposes of being advised as to whether to approve or ratify the said settlement proposal." (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Doerr, J. P., Green, Lawton and Davis, JJ.