■ ELIZABETH LAMITIE, as Administratrix of the Estate of

LEON RECORE, Deceased, Appellant, v EMERSON ELECTRIC COMPANY-WHITE RODGERS DIVISION et al., Respondents. (And Seven Other Related Actions and Third-Party Actions.) [617 NYS2d 924] —Cardona, P. J., Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered July 14, 1993 in Franklin County, which denied plaintiffs' motion for a protective order.

The main actions in this case seek to recover damages for the personal injury and wrongful deaths of Leon Recore and his wife, Kathryn Recore, and also the property damage sustained by plaintiffs James Ferry and Florence Ferry arising from a propane gas explosion and fire which occurred on August 20, 1983 in the Town of Malone, Franklin County. It is alleged that the explosion arose from a defective water heater control valve manufactured by defendant Emerson Electric Company-White Rodgers Division and installed in a water heater manufactured by defendant A.O. Smith Corporation. It is also claimed that the gas was supplied by defendants Kermit Langdon, Jean Langdon and Langdon Bottled Gas Company, Inc. (hereinafter collectively referred to as the Langdon defendants) and defendant Adirondack Bottled Gas, and that it was improperly odorized.

On or about September 6, 1983, plaintiffs' counsel retained Paul Howard, a private investigator. Howard conducted an investigation of the fire scene and may have taken possession of the subject hot water heater and its controls and at least two of the possibly four or five propane tanks on the premises shortly after the fire. The main actions were commenced about August 1985, two years after the fire, and the third-party actions were commenced in 1990, seven years after the fire.

Following a pretrial conference held on September 11, 1992, Supreme Court directed the depositions of various nonparty witnesses including Howard. On December 14, 1992, Howard appeared for his deposition but was directed by plaintiffs' counsel not to answer any questions pertaining to his investigation. Plaintiffs thereafter moved for a protective order seeking to quash the subpoena issued to Howard and to deny disclosure of his investigation and testimony on the grounds that the information sought to be disclosed was attorney's work product and/or material prepared for litigation (see, CPLR 3101 [c], [d]). The Langdon defendants cross-moved for further deposition of Howard and production of material information collected or discovered by him as a result of his investigation. The other defendants and third-party defen-

dants joined in the cross motion and opposed plaintiffs' motion for a protective order. Supreme Court denied plaintiffs' motion and directed a deposition to take place when it was in session and available for rulings on his testimony. This appeal ensued.

It has been held that "[t]he work product of an attorney is a concept which has been very narrowly construed * * * It embraces 'interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal beliefs' that were held, prepared or conducted by the attorney" *(Central Buffalo Project Corp. v Rainbow Salads,* 140 AD2d 943, 944, quoting *Hickman v Taylor,* 329 US 495, 511; *see also, Kenford Co. v County of Erie,* 55 AD2d 466, 470). Thus, Howard's third-party investigation is not attorney work product. The record does establish, however, that the information acquired by Howard during his investigation pursuant to the request of plaintiffs' counsel is material prepared in anticipation of litigation which is exempt from disclosure (CPLR 3101 [d] [2]; *see, e.g., Careccia v Enstrom,* 174 AD2d 48, 50; *Volpicelli v Westchester County,* 102 AD2d 853), absent a factual showing of substantial need and undue hardship *(DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 196, *cert denied sub nom. Poole v Consolidated Rail Corp.,* — US —, 114 S Ct 68).

Defendants have the burden of proving that their situation comes within this exception *(Sullivan v Smith,* 198 AD2d 749). The record shows that by the time defendants and the third-party defendants received notice of the actions against them the opportunity no longer existed to conduct a meaningful investigation of the fire scene. Despite the fact that numerous people have been deposed in this case, based on this record, it appears that Howard and another person, now deceased, were individuals in a position to have visually observed the location, identifying information and physical conditions of the subject propane equipment shortly after the fire and before its removal from the Recore residence. We find that defendants have satisfied their burden of proving the necessary elements for the production of material prepared for litigation. Accordingly, we hold that Supreme Court did not abuse its discretion by directing Howard's deposition.

The arguments that Supreme Court should have conducted an in camera review of Howard's investigative file before directing his deposition and prohibited opinion questions were not raised before Supreme Court and are therefore not properly before this Court *(see, Matter of Walker v New York State*

*Div. of Parole,* 203 AD2d 757; *Matter of Litz v Town Bd.,* 197 AD2d 825, 829).

White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.