JAMES LICHTENBERG, Appellant-Respondent, v MICHAEL F. ZINN et al., Respondents-Appellants, et al., Defendant. [663 NYS2d 452] —Casey, J. Appeals (1) from that part of an order of the Supreme Court (Bradley, J.), entered September 19, 1995 in Ulster County, which denied defendants' motion for a protective order striking certain of plaintiff's discovery demands, and (2) from an order of said court, entered May 15, 1996 in Ulster County, which denied plaintiff's cross motion to compel discovery of certain documents.

Plaintiff commenced this shareholder's derivative action in March 1993 alleging that defendants Michael F. Zinn, Steven I. Eisenberg and Martin E. Enowitz, three directors of defendant Besicorp Group Inc., wasted corporate assets and breached fiduciary duties to the Besicorp shareholders by, *inter alia*, artificially depressing the price of Besicorp's common stock so as to enable them to increase their holdings in and control over the corporation. Defendants answered and, in response to a document request by plaintiff, sought a protective order. The motion was denied in February 1994 and defendants were ordered to comply with plaintiff's discovery demand by May 26, 1994.

At a meeting on May 6, 1994, Besicorp's board of directors appointed a special litigation committee (hereinafter SLC), comprised of three newly appointed directors, to conduct a thorough investigation into the allegations of the complaint to determine whether continued prosecution of the action was in the best interests of Besicorp and its shareholders. As a result of the creation of the SLC, defendants thereafter sought to stay all proceedings or, in the alternative, a protective order suspending compliance with Supreme Court's February 1994 order pending completion of the SLC's report. Supreme Court denied this motion as well and directed defendants to comply with the discovery order.

After an 11-month investigation, the SLC issued a detailed report concluding that Zinn, Eisenberg and Enowitz acted reasonably and with a view toward the welfare of the corporation and, therefore, the allegations of breach of fiduciary duty and waste of corporate assets were not supported. Resolving that continued prosecution of the action was not in the corporation's best interest, the SLC directed Besicorp, pursuant to the authority directed to it, to take the necessary steps to cause the dismissal of the action. The same day the report was issued, plaintiff served notices to take depositions of Zinn, Eisenberg and Enowitz and for production of documents.

As a result of the SLC's report, and relying on the Court of Appeals decision in *Auerbach v Bennett* (47 NY2d 619), defendants then sought yet another protective order to limit the scope of discovery to two areas of inquiry, the disinterested independence and good faith of the SLC's members and the adequacy and appropriateness of the SLC's investigative procedures and methodologies (*see, id.*, at 633-634). One month later, defendants filed their motion to dismiss. Plaintiff opposed the motion and cross-moved to compel defendants to comply with all discovery notices, appear for depositions and produce documents which had been reviewed by the SLC. Supreme Court, *inter alia*, denied the motion for a protective order and permitted plaintiff to conduct certain depositions pursuant to his motion to compel and ordered the SLC to produce the documents relating to its investigation. Defendants' motion to dismiss was held in abeyance pending completion of discovery.[1] Defendants now appeal from only that part of this order as failed to limit the scope of discovery to the issues of the SLC's disinterested independence and its methods and procedures.

Defendants thereafter produced several thousands of pages

---

1. Defendants have renewed their motion to dismiss in Supreme Court.

of documents and plaintiff conducted several days of depositions of the three individual defendants, the members of the SLC and the SLC's counsel, Thomas Beirne.[2] In addition, defendants submitted several other documents (subsequently labeled Groups A through G) to Supreme Court for in camera inspection claiming that they were privileged. By order entered May 15, 1996, the court concluded that the documents in each of the seven groups were privileged under State statutory and/or common-law doctrines and, therefore, they were not subject to disclosure. Plaintiff now appeals from this order.

Turning first to defendants' appeal, we find that while the Court of Appeals in *Auerbach v Bennett* (47 NY2d 619, *supra*) clearly held that the business judgment rule barred judicial probing into the substantive aspects of a special litigation committee's decision not to pursue claims advanced in a derivative action, nothing therein specifically limits a party's ability to engage in discovery. Recognizing that "those responsible for the procedures by which [this] business judgment is reached may reasonably be required to show that they have pursued their chosen investigative methods in good faith" (*id.*, at 634), the Court held that the proof necessary to achieve this end "depend[s] on the nature of the particular investigation, and the proper reach of disclosure at the instance of the shareholders will in turn relate inversely to the showing made by the corporate representatives" (*id.*, at 634). In a subsequent decision, the Court of Appeals specifically noted that a plaintiff in this type of action "must necessarily be given more latitude to discover" and "the legitimate interests of shareholder plaintiffs" should not be frustrated (*Parkoff v General Tel. & Elecs. Corp.*, 53 NY2d 412, 417-418, n 2), especially when all relevant information pertaining to disinterestedness and independence, as well as the propriety and completeness of the SLC's investigation, is necessarily in defendants' possession (*see, id.*, at 417).

Furthermore, although defendants contend that plaintiff inappropriately conducted wide-ranging unfettered examinations of the witnesses, they fail to support this claim on appeal with examples of inquiries or deposition testimony showing that information with regard to the substantive deliberations was sought and actually received. In these circumstances, therefore, we do not find that Supreme Court abused its discretion in failing to grant defendants' request to limit disclosure.

---

**2.** As Supreme Court expressly requested defendants to submit the transcripts of these depositions on their renewed motion to dismiss, said submission does not, contrary to plaintiff's contention, constitute a waiver of their challenge to the discovery order.

We also find no abuse of Supreme Court's discretion in concluding that either the attorney-client privilege or the attorney work product doctrine shielded from disclosure the seven groups of documents submitted to the court for in camera review.[3] As the documents in Groups B, C, E and G were either " 'made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose' " (*Rossi v Blue Cross & Blue Shield*, 73 NY2d 588, 593, quoting *Matter of Grand Jury Subpoena [Bekins Record Stor. Co.]*, 62 NY2d 324, 329) or constitute communications from an attorney to a client "made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" (*Rossi v Blue Cross & Blue Shield, supra*, at 593), they are protected by the attorney-client privilege (*see*, CPLR 4503 [a]; *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377; *Mahoney v Staffa*, 184 AD2d 886, 887, *lv dismissed* 80 NY2d 972).

As for the materials in Groups A, D, and F, inasmuch as they consisted of " 'interviews, statements, memoranda, correspondence, briefs, mental impressions, [or] personal beliefs' that were held, prepared or conducted by the attorney" (*Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944, quoting *Hickman v Taylor*, 329 US 495, 511), they enjoy the absolute immunity of the attorney work product doctrine (*accord, Lamitie v Emerson Elec. Co.*, 208 AD2d 1081, 1083). Finally, this doctrine also protects those documents in Group B representing communications made between the SLC and its counsel in regard to the various consultants hired by the SLC and those exchanges between the consultants themselves and the SLC counsel (*see, Xerox Corp. v Town of Webster*, 206 AD2d 935; *Santariga v McCann*, 161 AD2d 320, 321).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

**3.** Plaintiff's reliance on *Joy v North* (692 F2d 880, *cert denied sub nom. Citytrust v Joy*, 460 US 1051) is misplaced as the Second Circuit explicitly applied Connecticut law (*id.*, at 891).