■ STATE OF NEW YORK, Respondent, v SAND AND STONE ASSOCIATES et al., Defendants, and WAREX TERMINALS CORPORATION, Formerly Known as MID-VALLEY PETROLEUM CORPORATION, Appellant. (And a Third-Party Action.) [723 NYS2d 725] —Rose, J. Appeal from an order of the Supreme Court (Lang, Jr., J.), entered November 22, 1999 in Albany County, which, *inter alia*, denied a motion by defendant Warex Terminals

Corporation to compel plaintiff to comply with discovery demands.

Plaintiff commenced this action to recover costs incurred in remedying the discharge of petroleum products from storage and transfer facilities in the City of Poughkeepsie, Dutchess County, that are owned, leased, maintained or operated by various parties, including defendant Warex Terminals Corporation. In response to initial discovery demands, plaintiff and Warex exchanged large numbers of documents that were serially numbered, but not otherwise organized. Warex then served additional discovery notices and a set of interrogatories. After plaintiff objected, Warex moved to compel disclosure, and plaintiff cross-moved for, *inter alia*, a protective order barring discovery of five documents listed in a "privilege log." Supreme Court denied Warex's motion, ruling that plaintiff had adequately responded by providing all records kept in the regular course of business. The court then granted plaintiff's cross motion, ordered Warex to respond meaningfully to plaintiff's discovery demands, and granted a protective order as to the items in plaintiff's privilege log. Warex appeals.

Conceding that its own answers to plaintiff's interrogatories require greater specificity, Warex argues that Supreme Court erred in not also requiring plaintiff to identify which of the 5,500 documents previously produced are relevant to plaintiff's claims against Warex. Plaintiff now concedes that it must provide an adequate organized response to Warex's follow-up requests for documents, and we agree (*see*, CPLR 3122 [c]).

Warex also contends that Supreme Court's protective order was improperly extended to the five documents in plaintiff's privilege log and to item 15 of its second request for documents because these documents were prepared in the regular course of business, rather than in anticipation of future litigation, and are not communications between an attorney and a client.* Specifically, Warex argues that since the documents previously produced by plaintiff do not appear to include accident or field investigation reports implicating it in the petroleum discharge, it is entitled to disclosure of such reports.

As relevant to this appeal, a properly requested document need not be produced if it is "a confidential communication made between the attorney or his employee and the client in the course of professional employment" (CPLR 4503 [a]) or "prepared in anticipation of litigation" (CPLR 3101 [d] [2]).

---

* Warex does not contest Supreme Court's finding that the materials sought in items 1, 10, 11, 12, 13 and 14 of Warex's second request for documents are privileged documents.

Supreme Court properly shielded documents 3, 4 and 5 from discovery because these memoranda from a Department of Environmental Conservation (hereinafter DEC) spill investigator were communications directed to plaintiff's attorney (*see, Lichtenberg v Zinn*, 243 AD2d 1045, 1048). Also, because document 5 forwarded DEC file documents to an attorney in 1996 after litigation was commenced, there is a basis to conclude that it was prepared for litigation (*see, Salzer v Farm Family Life Ins. Co.*, 280 AD2d 844; *Lamitie v Emerson Elec. Co.*, 208 AD2d 1081, 1083).

However, the correctness of Supreme Court's ruling as to documents 1 and 2 cannot be determined from the present record. The petroleum discharge was reported in September 1989 and investigated by DEC immediately thereafter. In July 1991, Peter De Cicco, a DEC employee, prepared document 2, a summary of his investigation of the reported spill, and document 1, a memorandum forwarding the summary to another DEC employee. Although De Cicco alleges that the summary was prepared and forwarded at a time when litigation appeared likely, this litigation was not commenced until almost five years later and plaintiff offers no evidence beyond De Cicco's conclusory claim that the investigative summary was prepared solely for litigation (*see, Martino v Kalbacher*, 225 AD2d 862, 863; *Bib Constr. Co. v City of Poughkeepsie*, 260 AD2d 590, 591). De Cicco's affidavit does not exclude the possibility that these documents constitute or include accident reports prepared in the normal course of DEC's investigative duties, and would be discoverable pursuant to CPLR 3101 (g) even though one of their purposes was preparation for litigation (*see, McKie v Taylor*, 146 AD2d 921, 922; *Merrick v Niagara Mohawk Power Corp.*, 144 AD2d 878, 878-879; *see also, Recant v Harwood*, 222 AD2d 372, 373-374). They further fail to come within the privileged communication exception since neither document was prepared by or directed to an attorney (*see*, CPLR 4503 [a]; *see also, Eisic Trading Corp. v Somerset Mar.*, 212 AD2d 451; *Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943).

In these circumstances, it was error for Supreme Court to exempt these two documents from disclosure without first reviewing them in camera to ascertain whether their content supports De Cicco's claim that they were prepared exclusively for litigation. This question of whether they may include investigative reports not previously identified and disclosed to Warex cannot be responsibly decided based solely on plaintiff's generalized description of the nature and content of these docu-

ments (*see, Geary v Hunton & Williams*, 245 AD2d 936, 939). Accordingly, the matter of their disclosure must be remitted to Supreme Court for such review (*see, id.; Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1031; *see also, Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 381-382).

Finally, as to item 15 of Warex's second request, we note that this item sought "[a]ll documents used by plaintiff to apportion and allocate the liability among defendants." There being no real dispute that such documents were prepared at the Attorney General's direction to facilitate the preparation of a settlement offer, we find no error in Supreme Court's order shielding them from disclosure (*see, CMRC Corp. v State of New York*, 270 AD2d 27).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion of defendant Warex Terminals Corporation which determined that plaintiff adequately responded to Warex's second and third notices of discovery, and as determined items 1 and 2 of the privilege log to be exempt from disclosure; grant said defendant's motion to that extent, partially deny plaintiff's cross motion to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.