■ A-Frame, Inc., Appellant, v Concord Pools, Ltd., Respondent. [735 NYS2d 632] —Rose, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 10, 2001 in Albany County, which, *inter alia*, denied plaintiff's motion to compel defendant to comply with certain discovery demands.

Plaintiff, a retail seller of swimming pools and supplies, commenced this action seeking damages and injunctive relief, alleging that the use of the Internet domain name "AFRAMEPOOLS.COM" by defendant, a business competitor, infringed upon plaintiff's tradename and violated the Lanham Act (*see,* 15 USC § 1051 *et seq.*) (hereinafter the Act). After obtaining a preliminary injunction enjoining defendant's use of the name, plaintiff demanded production of defendant's pool sales contracts and cost invoices for the period from January 1, 1997 to December 31, 1999. When defendant refused, plaintiff moved to compel their production and defendant cross-moved for a protective order. Finding the measure of damages to be plaintiff's own lost profits, Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff now appeals.

Although plaintiff's damages for tradename infringement would be measured by the lost profits reflected in its own business records (*see, Hertz Corp. v Avis, Inc.*, 106 AD2d 246, 251), Supreme Court nevertheless abused its discretion because defendant's records are material and necessary to plaintiff's claim for other damages under the Act (*see,* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). The Act provides that when a willful violation is established, "the plaintiff shall be entitled * * * to recover (1) *defendant's profits*, (2) any damages sustained by the plaintiff, and (3) the costs of the action. * * * In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed * * *" (15 USC § 1117 [a] [emphasis supplied]). Thus, any records stating the sales and costs figures necessary to calculate defendant's profits before and during the period of alleged unfair competition are subject to disclosure to the extent that they contain facts bearing on the parties' controversy and will assist in plaintiff's preparation for trial of its claim under the Act. Because Supreme Court's ruling precludes plaintiff from establishing all of the damages recoverable under the Act without affording it an opportunity to later obtain defendant's records if a violation of the Act is proven, its order must be reversed.

As to defendant's concern that its confidential customer information not be made available to plaintiff, we note that Supreme Court is empowered to limit or condition disclosure by redacting records or taking other measures to protect such information (*see,* CPLR 3103 [a]; *County of Delaware v J & D Distrib. & Mfg.*, 161 AD2d 1083, 1084; *see also, Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8).

Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant's cross motion denied and plaintiff's motion granted.