Lynch, J.
Appeal from an order of the Supreme Court (Mott, J.), entered March 24, 2016 in Ulster County, which, among other things, granted plaintiffs’ cross motion to compel disclosure.
Plaintiff Daniel Curci and his wife, plaintiff Tiffany Curci, derivatively, commenced this negligence action against defendant, the wife’s father, for injuries that Daniel Curci sustained to his hand while operating a log splitter on defendant’s property. In answering the complaint, defendant denied ownership of the log splitter. In discovery, plaintiffs demanded that defendant produce a copy of an audio recording of a statement that defendant gave to his insurer shortly after the accident, during which defendant acknowledged ownership of the log splitter. By that point, plaintiffs were already in possession of a transcript of the statement. Defendant moved for a protective order precluding plaintiffs from utilizing the statement, contending that the statement was recorded and transcribed as material prepared for litigation (see CPLR 3101 [d] [2]; 3103). Plaintiffs cross-moved to compel disclosure (see CPLR 3124). Supreme Court denied defendant’s motion and granted plaintiffs’ cross motion, finding both that defendant failed to demonstrate the statement was prepared for litigation and that, in any event, defendant waived the privilege. Defendant appeals.
The statement was made during a phone conversation between Judy Gavin, the insurer’s claims representative, and defendant five days after the incident. At the start of the conversation, Gavin informed defendant that the conversation was being recorded and taken as part of the normal claims process. Gavin further agreed to provide defendant with a copy of the statement. We have long recognized that “[t]he purpose of *1389 liability insurance is the defense and settlement of claims and, once an accident has arisen, there is little or nothing that the insurer or its employees do with respect to accident reports except in preparation for eventual litigation or for a settlement which may avoid litigation” (Ainsworth v Union Free School Dist. No. 2, Queensbury, 38 AD2d 770, 771 [1972]). As such, an insurer’s file is generally protected by “a conditional immunity . . . as material prepared for litigation” (id.). This conditional privilege may have to yield to disclosure where the other party demonstrates a substantial need for the material and withholding same would result in undue hardship (see CPLR 3101 [d] [2]). Accident reports prepared with a mixed purpose, however, are not exempt from disclosure (see Hewitt v Palmer Veterinary Clinic, PC, 145 AD3d 1415, 1415 [2016]; Claverack Coop. Ins. Co. v Nielsen, 296 AD2d 789, 790 [2002]).
Defendant’s burden was to demonstrate that his statement was obtained solely for litigation purposes (see Friend v SDTC-Center for Discovery, Inc., 13 AD3d 827, 829 [2004]). To that end, defendant submitted the affidavit of Dennis Stauffer, who was Gavin’s supervisor at the time of the incident. Stauffer explained that Gavin was no longer employed by the insurer and that she procured the statement in accord with the insurer’s “normal practice in anticipation of future litigation.” In our view, Stauffer’s affidavit, coupled with Gavin’s own characterization of the interview as part of the normal claims process, satisfied defendant’s threshold burden of proof (see Kin Hwa Ku v City of New York, 106 AD3d 698, 699 [2013]). There is no dispute that ownership of the log splitter is a key issue, but plaintiffs have other means available to explore this issue, and they have not demonstrated any undue hardship if the statement is withheld. Nor is there any indication that the statement was taken for some purpose other than preparing for litigation.
The question of waiver remains. Contrary to Supreme Court’s assessment, the fact that the insurance company provided defendant with a copy of the statement did not amount to a lack of due diligence on the part of defendant or waive the confidentiality of the document (cf. Fernekes v Catskill Regional Med. Ctr., 75 AD3d 959, 961 [2010]). In her responding affidavit, Tiffany Curci attached a copy of the transcript, explaining that defendant came to her home and provided the transcript to her. She directly denied stealing the document from defendant. Defendant, in contrast, stated in his affidavit that he stored the transcript in his “garage/office space” and neither gave the transcript to plaintiffs nor authorized them to access his ga *1390 rage. Given this factual dispute, a hearing is in order to determine whether defendant waived the privilege by voluntarily giving the transcript to plaintiffs (see CPLR 3103, 3124).
Peters, P.J., Rose, Devine and Mulvey, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs’ cross motion; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.