■ NYAHSA Services, Inc., Self-Insurance Trust, Respondent, v People Care Incorporated, Defendant and Third-Party Plaintiff-Appellant; Cool Insuring Agency, Inc., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [64 NYS3d 725]—

Mulvey, J. Appeal from an order of the Supreme Court (Platkin, J.), entered January 5, 2017 in Albany County, which partially granted motions by plaintiff and third-party defendants Cool Insuring Agency, Inc. and Cool Risk Management, Inc. to compel discovery.

Defendant, a home health care provider, was a member of plaintiff, a group self-insured trust that provided workers' compensation benefits to defendant's employees. After defendant's membership in the trust ended, it refused to pay plaintiff an assessment in excess of $800,000 for open claims on defendant's employees. Plaintiff commenced this collection action against defendant alleging breach of contract and unjust enrichment.* Defendant answered, counterclaimed and then commenced a third-party action against, among others, third-party defendants Cool Insuring Agency, Inc. and Cool Risk Management, Inc. (hereinafter collectively referred to as Cool),

---

* Plaintiff's motion for leave to amend its complaint is the subject of another appeal before this Court (*NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 156 AD3d 99 [2017] [decided herewith]).

the trust's group administrators. Defendant's third-party complaint alleged, among other things, that Cool had mismanaged and improperly administered the workers' compensation claims of defendant's employees. Plaintiff thereafter moved to dismiss the counterclaims and Cool moved to dismiss the third-party complaint, and the movants ultimately received partial relief as detailed in prior decisions of this Court (141 AD3d 792 [2016]; 141 AD3d 785 [2016]).

During this collection litigation, Cool made a discovery request to produce a report commissioned by defendant's then-counsel, Whiteman Osterman and Hanna, LLP (hereinafter WOH) and prepared by a consultant, Towers Perrin, regarding Cool's management and administration of the workers' compensation claims of defendant's employees. Cool also sought documents and written communication related to that report. Defendant refused to comply with the discovery request, claiming that the materials were protected by, among other things, the attorney-client privilege. Cool and plaintiff then moved to compel production of the requested report and materials. Supreme Court examined the requested materials in camera and partially granted the motions to compel, ordering defendant to disclose the report and related documents, but denied disclosure as to one email exchange between defendant's executives and WOH attorney Joel Hodes. Defendant appeals.

Pursuant to CPLR 3101 (a), there shall generally be "full disclosure of all matter material and necessary in the prosecution or defense of an action" (*see Madison Mut. Ins. Co. v Expert Chimney Servs., Inc.*, 103 AD3d 995, 996 [2013]), and defendant bore "the burden of demonstrating that particular items are exempt or immune from disclosure [as] the party asserting such immunity" (*Salzer v Farm Family Life Ins. Co.*, 280 AD2d 844, 845 [2001]). "Supreme Court is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (*Gold v Mountain Lake Pub. Telecom.*, 124 AD3d 1050, 1051 [2015] [internal quotation marks and citation omitted]).

Defendant argues that the report was protected by the attorney-client privilege, as attorney work product and as material prepared in anticipation of litigation. Supreme Court properly rejected these claims. "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (*Ambac Assur. Corp. v Countrywide Home*

*Loans, Inc.*, 27 NY3d 616, 623 [2016], citing CPLR 4503 [a] [1]; *see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377-378 [1991]). As the party asserting the privilege, defendant was required to show "that the communication at issue was between an attorney and a client for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship, that the communication is predominantly of a legal character, that the communication was confidential and that the privilege was not waived" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d at 624 [internal quotation marks and citation omitted]; *see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d at 379).

The record, including the report itself, reflects that WOH, defendant's counsel, retained Towers, an independent claims consultant, to undertake a comprehensive claims review to include the trust's reserve practices and Cool's administration of claims of defendant's employees, in order to resolve the parties' impasse over defendant's unpaid assessments. Towers was given in-house access to Cool's documents for this purpose in addition to supporting documentation already provided by Cool. To that end, defendant's president sent a letter to Cool's vice-president reflecting that the purpose of the consultant's review of Cool's records was to "facilitat[e] an intelligent conversation with [Cool's] claims department," which Supreme Court aptly characterized as a "typical business purpose." Cool's vice-president submitted an affidavit attesting that it was his understanding that the purpose of the consultant's review was to verify the accuracy of the assessments billed to defendant, and that Towers assured him that it would discuss its findings with Cool; another Cool vice-president attested that Towers did share certain findings with Cool, including that it did not find any problems with inappropriate payment of claims by Cool.

As Supreme Court correctly concluded, the report "does not include any legal advice, legal analysis or discussion of legal issues" nor does it disclose confidences of defendant, and we further note that it was based almost exclusively on information provided by Cool and, as such, it is not a communication "of a legal character" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d at 624). Further, we discern no error in the court's conclusion—after crediting the proof that defendant did not expect that the report would remain confidential and that the contents of the report were not, in fact, kept confidential—that the report was not a confidential communication, and that any privilege was waived (*see id.* at 623-624). Thus, the report was not protected by the attorney-client privilege.

We further find that the report was not protected from disclosure as attorney work product, as this "privilege should be narrowly applied to materials prepared *by an attorney*, acting as an attorney, which contain his [or her] analysis and trial strategy" (*Kinge v State of New York*, 302 AD2d 667, 670 [2003] [internal quotation marks and citation omitted; emphasis added]; *see* CPLR 3101 [c]; *Cioffi v S.M. Foods, Inc.*, 142 AD3d 520, 522-523 [2016]; *Hoffman v Ro-San Manor*, 73 AD2d 207, 210-211 [1980]). Materials such as reports prepared by a third party, a nonlawyer consultant, during an investigation do not ordinarily qualify under this exception (*see Salzer v Farm Family Life Ins. Co.*, 280 AD2d at 846; *Lamitie v Emerson Elec. Co.-White Rodgers Div.*, 208 AD2d 1081, 1083 [1994]; *Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944 [1988]). Notably, the report does not incorporate information or opinions from counsel or discuss legal issues or conclusions (*compare Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d at 378-380). Further, the report was prepared in connection with a billing dispute, not pending litigation, and cannot be classified "as an adjunct to the lawyer's strategic thought processes" so as to qualify, on this alternative theory, for an exemption from disclosure as attorney work product (*Santariga v McCann*, 161 AD2d 320, 321 [1990]; *compare Hudson Ins. Co. v Oppenheim*, 72 AD3d 489, 489-490 [2010]; *Oakwood Realty Corp. v HRH Constr. Corp.*, 51 AD3d 747, 749 [2008]; *Lichtenberg v Zinn*, 243 AD2d 1045, 1048 [1997]).

With regard to the claim that the report was protected from disclosure as material prepared for litigation, defendant's "burden was to demonstrate that [the report] was obtained solely for litigation purposes" (*Curci v Foley*, 149 AD3d 1388, 1389 [2017]), which "cannot be satisfied with wholly conclusory allegations" (*Hewitt v Palmer Veterinary Clinic, PC*, 145 AD3d 1415, 1416 [2016] [internal quotation marks and citation omitted]; *see* CPLR 3101 [d] [2]). "[M]ixed or multipurpose reports are not free from disclosure" (*Madison Mut. Ins. Co. v Expert Chimney Servs., Inc.*, 103 AD3d at 996 [internal quotation marks, brackets and citation omitted]). We discern no abuse of discretion in Supreme Court's conclusion that defendant did not make the requisite showing that the report was prepared exclusively in anticipation of litigation. While defendant's chief executive officer reportedly believed that Cool's demands for payment of the assessment raised the possibility of litigation and that defendant thereafter retained WOH to assess its liability, the court rightfully relied upon contemporaneous correspondence from defendant's vice-president to Cool indicating that the purpose of the Towers review was to facilitate negotia-

tions, i.e., "intelligent conversation," and come to a resolution over the disputed invoices. As the record supports the court's conclusion that the report was partly, if not primarily, for business purposes and not solely for litigation, we find that defendant has not demonstrated that it was protected from disclosure on this or any of the bases claimed (*see Madison Mut. Ins. Co. v Expert Chimney Servs., Inc.*, 103 AD3d at 996; *see also Curci v Foley*, 149 AD3d at 1389).

We likewise find, after an in camera review of the sealed documents in dispute, that, with one exception, Supreme Court correctly concluded that the communications related to the report, which fall into three categories, are not exempt from disclosure. With regard to the communications between WOH and Towers, they concern factual data, methodology for the claims review and evaluation and other nonlegal matters; they were either not prepared by counsel or do not reflect any legal analysis or strategy. The exception is the correspondence in exhibit L, which reflects counsel's legal opinion as to the report and defendant's liability, which is privileged as attorney work product (*see Kinge v State of New York*, 302 AD2d at 670; *Lichtenberg v Zinn*, 243 AD2d at 1048). The second category, communications between defendant, WOH and Towers, concerns WOH's retention of the consultant and its fee. It also does not contain attorney work product and were not prepared exclusively in anticipation of litigation. The court's conclusion that the communications in these two groups were not "necessary to enable the attorney-client communication" was not an abuse of discretion (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d at 624). The third category, emails between WOH and defendant, reveals no communications of a legal or confidential character or rendition of legal advice or opinions.

Peters, P.J., McCarthy, Rose and Rumsey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by third-party defendants Cool Insuring Agency, Inc. and Cool Risk Management, Inc. to compel the production of sealed exhibit L; motion denied to that extent; and, as so modified, affirmed.