Wrubleski v Mary Imogene Bassett Hosp. (2018 NY Slip Op 05256)





Wrubleski v Mary Imogene Bassett Hosp.


2018 NY Slip Op 05256


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

526017

[*1]BRIAN P. WRUBLESKI, Individually and as Executor of the Estate of MARYELLEN WRUBLESKI, Deceased, Appellant,
v
MARY IMOGENE BASSETT HOSPITAL et al., Respondents, et al., Defendants.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Anthony R. Brighton of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Supreme Court (Tait, J.), entered May 15, 2017 in Otsego County, which, upon reargument/renewal, granted certain defendants' motion to compel.
Maryellen Wrubleski (hereinafter decedent) was injured in November 2013 when she fell while running at a health club. She underwent surgery to repair a tear of her left hamstring and thereafter retained Kenneth Bobrycki, an attorney, to represent her in a lawsuit pertaining to [*2]her injuries. As part of that representation, Bobrycki directed decedent to prepare a written summary of the events that led to her injuries and to keep a medical journal of her treatment. Bobrycki maintains that he specifically told decedent to write the phrase "to my lawyer" at the beginning of the medical journal to "clearly designate that it is a confidential document to be protected by the attorney-client privilege." Decedent apparently heeded this advice and drafted an "injury journal" consisting of several pages of handwritten notes containing an account of the incident and subsequent medical treatment. The first page of the injury journal bears the notation "to my lawyer."
Decedent died suddenly from a pulmonary embolism in December 2013, prompting plaintiff, her husband, to commence this wrongful death action sounding in medical malpractice. In connection with the action, plaintiff provided to his counsel a series of handwritten notes that decedent had drafted prior to her death, which included the injury journal, a list of the medications that she was taking in connection with her postoperative care (hereinafter the medication log) and other miscellaneous entries. During a deposition, plaintiff mentioned that decedent had kept a list of all of the postoperative medications that she took and maintained that she took aspirin every time it was required of her. In response, defendants requested production of, among other things, the medication log and injury journal, but plaintiff invoked the attorney-client privilege as a basis of shielding the documents from disclosure. Thereafter, defendants Mary Imogene Bassett Hospital, Thurston Corporation, Bassett Medical Center, Bassett Healthcare Network and Jocelyn R. Wittstein (hereinafter collectively referred to as the Bassett defendants) moved to compel production of decedent's notes that were being withheld under a claim of privilege. Plaintiff opposed the motion and, at Supreme Court's direction, submitted the requested documents to the court for an in camera review.
In February 2017, Supreme Court denied the Bassett defendants' motion, concluding that the first four pages of the produced documents — including the medication log — were privileged and could only be disclosed upon demonstrating a substantial need for the documents or undue hardship (see CPLR 3101 [d] [2] [a]). The Bassett defendants thereafter moved to renew and/or reargue, contending, among other things, that they had a substantial need for the medication log to determine whether decedent complied with postoperative instructions to take medication for anticoagulation therapy. In May 2017, Supreme Court granted the motion and, upon reargument/renewal, directed disclosure of the page containing the medication log, concluding that the attorney-client privilege did not shield that document from disclosure. Plaintiff now appeals.
Initially, we find no merit to the Bassett defendants' contention that plaintiff waived his argument with respect to the attorney-client privilege by failing to appeal from the February 2017 order or to otherwise file a cross motion for reargument. Plaintiff was not aggrieved by the February 2017 order inasmuch as he obtained the full relief that he sought in opposing the motion to compel and, accordingly, could not have appealed therefrom (see CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]; Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017]; Matter of Baker v [*3]Horace Nye Home, 63 AD3d 1415, 1415 [2009]). Moreover, plaintiff cannot be faulted for failing to file a cross motion, as the February 2017 order was ambiguous. Indeed, Supreme Court candidly noted that its February 2017 order "was not as carefully worded as it should have been" because it did not state whether the original basis for denying the motion was based upon the attorney-client privilege or the privilege afforded to materials prepared in anticipation of litigation. Accordingly, the failure to appeal from the February 2017 order or to file a cross motion for reargument does not preclude appellate review of plaintiff's contentions.
We agree with Supreme Court that the medication log portion of the notes is not protected by the attorney-client privilege and should be disclosed. Trial courts are vested with broad discretion in overseeing the disclosure process, and we will not intervene absent "a clear abuse of that discretion" (Lue v Finkelstein & Partners, LLP, 67 AD3d 1187, 1188 [2009] [internal quotation marks and citations omitted]; see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d 1208, 1209 [2017]). The attorney-client privilege "fosters the open dialogue between lawyer and client that is deemed essential to effective representation" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]). The privilege "'shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship'" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d at 1209, quoting Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623 [2016]; see CPLR 4503 [a] [1]; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 377-378), and the communication must be "primarily or predominantly of a legal character" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 378). Given that "the attorney-client privilege constitutes an obstacle to the truth-finding process," its invocation "should be cautiously observed to ensure that its application is consistent with its purpose" (Matter of Priest v Hennessy, 51 NY2d 62, 68 [1980] [internal quotation marks and citations omitted]). The party claiming protection of the privilege bears the burden of demonstrating that it applies (see Parnes v Parnes, 80 AD3d 948, 949 [2011]; Matter of Clouse, 292 AD2d 675, 676 [2002]).
Although the record reflects that Bobrycki directed decedent to keep an injury journal in connection with an impending lawsuit, it contains no indication that he specifically asked her to draft the medication log at issue. To the contrary, his affirmation reveals that he directed decedent to provide him with a "summary of the events which led to her injuries and the failure to identify the injuries to her hamstring and to create . . . an injury journal of the medical care and treatment of her injuries." Moreover, the surrounding circumstances indicate that decedent — who was a nurse — kept the medication log, at least partially, to ensure compliance with postoperative care. Plaintiff specifically testified that, as a nurse, decedent "kept a journal [of her medical care] . . . to make sure all [of] the medi[cations] were taken at certain times." While he subsequently amended this testimony in an errata sheet, he provided no statement of the reasons for the change (see CPLR 3116 [a]).
Upon examination of the notes turned over to Supreme Court for an in camera review, we conclude that they are a mixed collection, some of which are shielded by the attorney-client [*4]privilege and some of which are not. The three-page portion labeled "injury journal" is, as described by decedent's attorney, a seamless report of the incident at the health club and the medical care that decedent received shortly thereafter. The medication log is on a separate page and includes other notes of a personal nature. We agree with Supreme Court that the medication log was made for the purpose of keeping a medical record rather than as a confidential communication made for the purpose of legal services. Accordingly, in the absence of evidence that the medication log constituted a communication of legal character between decedent and Bobrycki, plaintiff may not invoke the attorney-client privilege to shield its disclosure (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d at 1210; Melworm v Enompass Indem. Co., 112 AD3d 794, 796 [2013]; compare Mahoney v Staffa, 184 AD2d 886, 887 [1992], lv dismissed 80 NY2d 972 [1992]).[FN1]
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:The order on appeal does not address whether the medication log is alternatively privileged as material prepared in anticipation of litigation, and plaintiff has abandoned any argument in this respect by failing to raise it in his appellate brief (see Matter of Pratt v New York State Off. of Mental Health, 153 AD3d 1065, 1067 [2017]). In any event, this privilege does not attach to the medication log inasmuch as it was not prepared in anticipation of the instant litigation (see Marten v Eden Park Health Servs., 250 AD2d 44, 47 [1998]), and the Bassett defendants have established "a substantial need [for] the [document] in the preparation of the case and [are] unable without undue hardship to obtain the substantial equivalent of the [document] by other means" (CPLR 3101 [d] [2] [a]).