Galasso v Cobleskill Stone Prods., Inc. (2019 NY Slip Op 01483)





Galasso v Cobleskill Stone Prods., Inc.


2019 NY Slip Op 01483


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

527237

[*1]MARK A. GALASSO, Individually and as Administrator of the Estate of MARTIN A. GLASSO, Deceased, and as Shareholder of COBLESKILL STONE PRODUCTS, INC., Appellant,
v
COBLESKILL STONE PRODUCTS, INC., Respondent, et al., Defendants.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Couch White, LLP, Albany (Jeremy M. Smith of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Peter A. Lauricella of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from that part of an order of the Supreme Court (Platkin, J.), entered July 6, 2018 in Albany County, which partially granted a motion by defendant Cobleskill Stone Products, Inc. to compel discovery.
In December 2015, plaintiff, a shareholder of defendant Cobleskill Stone Products, Inc. (hereinafter defendant), commenced this action against, among others, defendant pursuant to Business Corporation Law §§ 706 (d) and 716 (c) for injunctive relief and damages. Plaintiff alleged, among other things, that defendant wasted corporate assets and engaged in self-dealing. In November 2017, defendant made a discovery demand for, among other things, a valuation report that was created by Management Planning Inc. (hereinafter MPI), a business valuation and advisory firm, and performed for the estate of Martin Galasso (hereinafter decedent). Plaintiff did not provide defendant with the valuation report, asserting that it was not discoverable on several grounds, including that it was not material and necessary and was otherwise privileged. Defendant subsequently moved to compel discovery, which plaintiff opposed. After a conference, Supreme Court, among other things, granted defendant's motion and required that plaintiff produce the final valuation report. Plaintiff now appeals.
Generally, "[t]here shall be full disclosure of all matter[s] material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR [*2]3101 [a]). "'Supreme Court is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion'" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d 1208, 1209 [2017], quoting Gold v Mountain Lake Pub. Telecom., 124 AD3d 1050, 1051 [2015] [internal quotation marks and citations omitted]; see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909 [2013]). "The words, 'material and necessary,' are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial" (Forman v Henkin, 30 NY3d 656, 661 [2018] [internal quotation marks, brackets, ellipsis and citations omitted]; see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]).
As relevant here, "[t]he attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (NYASHA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d at 1209-1210 [internal quotation marks and citation omitted]; see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623 [2016]). "The party asserting the privilege bears the burden of establishing . . . that the communication at issue was between an attorney and a client for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship [and] that the communication was predominately of a legal character" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d at 624 [internal quotation marks and citation omitted]; see People v Osorio, 75 NY2d 80, 84 [1989]). The purpose of the privilege is "to ensure that one seeking legal advice will be able to confide fully and freely in his [or her] attorney, secure in the knowledge that his [or her] confidences will not later be exposed to public view to his [or her] embarrassment or legal detriment" (Matter of Priest v Hennessy, 51 NY2d 62, 67-68 [1980]). "Generally, communications made in the presence of third parties, whose presence is known to the client, are not privileged" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d at 624 [internal quotation marks and citation omitted]). However, "statements made to the agents or employees of the attorney or client, or through a hired interpreter, retain their confidential (and therefore, privileged) character, where the presence of such third parties is deemed necessary to enable the attorney-client communication and the client has a reasonable expectation of confidentiality" (id. at 624; see People v Osorio, 75 NY2d at 84).
Initially, we reject plaintiff's contention that the valuation report is not material and necessary to this action. MPI was retained by plaintiff for the appraisal of plaintiff's assets, specifically stocks in defendant, for estate tax filing purposes. Part of plaintiff's assets are stocks in defendant. According to plaintiff, after its appraisal, MPI raised "serious and substantial concerns" that prompted plaintiff to commence this action against defendant. As a result, the valuation report is relevant to this action because it played a role in the commencement of the action, and it may be probative as to why plaintiff believes that defendant is guilty of gross malfeasance (see Forman v Henkin, 30 NY3d at 666-667; Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1168-1169 [2017]; compare Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [2018]). Also, as correctly determined by Supreme Court, the valuation report, which values decedent's stock in defendant, provides a benchmark "by which to . . . evaluate plaintiff's damages" (see A-Frame, Inc. v Concord Pools, 289 AD2d 921, 922 [2001]).
Likewise, we are unpersuaded by plaintiff's contention that the valuation report was protected by attorney-client privilege. Although MPI was hired by plaintiff's counsel and the agreement between MPI and plaintiff's counsel states that its communications would be confidential, the primary purpose for which MPI was hired was to appraise plaintiff's stocks in defendant for estate tax filing purposes. In fact, the instant action was not commenced until after MPI expressed "serious and substantial concerns" upon completion of its appraisal. Therefore, the mere fact that MPI's report now supports plaintiff's legal action does not eliminate the fact that the report was not initially done for legal purposes. In fact, during a court conference, plaintiff confirmed that the valuation report did not include any legal information, nor did it disclose plaintiff's confidences. Thus, given that the primary purpose of MPI's valuation report was for estate tax purposes and is not "of a legal character," Supreme Court properly held that it was not protected by the attorney-client privilege (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d at 624; accord NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., [*3]155 AD3d at 1209-1210; see People v Osorio, 75 NY2d at 84). We also reject plaintiff's assertion that the "Kovel [p]rivilege" attaches to the valuation report because the purpose of the report was not to facilitate or clarify communications between plaintiff and his attorneys (see United States v Kovel, 296 F2d 918, 921-922 [2d Cir 1961]; People v Osorio, 75 NY2d at 84). Plaintiff's remaining contention likening the valuation report to tax returns, which he alleges are not discoverable, was not made in Supreme Court and, as such, is not preserved (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, with costs.