| |
|---|
| **M.P. v Davidson** |
| 2025 NY Slip Op 31884(U) |
| May 27, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507266/2020 |
| Judge: Sabrina B. Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## KINGS COUNTY

PRESENT:   **HON. SABRINA B. KRAUS**

*Justice*

-------------------------------------------------------------------X

M.P. AND J.P.,

Plaintiffs,

DANIEL DAVIDSON

Defendant.

-------------------------------------------------------------------X

PART | CVA 1 /57
INDEX NO. | 507266/2020
MOTION DATE | 5/27/25
MOTION SEQ. NO. | 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 56 - 64 were read on this motion to/for                    DISCOVERY                    .

## BACKGROUND

Plaintiffs commenced this action under the Child Victims Act ("CVA") seeking damages for alleged sexual abuse they suffered as minor children at the hands of a family member. Plaintiffs had commenced an action for such relief prior to the enactment of the CVA, which was dismissed based on the expiration of the statute of limitations.

## ALLEGED FACTS

Plaintiffs make the following allegations.

Defendant is the cousin of Plaintiffs' mother. Plaintiffs and their mother are members of the Hasidic Jewish community in Brooklyn, New York. As a result, they are and sheltered from the outside world. As a result of their close relationship, Plaintiffs' mother looked up to Defendant like an older brother and trusted him.

At the time of the actions complained of, Defendant would come to Plaintiffs' mother and tell her that he was in school obtaining a degree and would need to borrow her children for a study that he had to perform that was necessary for his classes. Plaintiffs' mother agreed to allow Defendant to take out her children so that he could conduct his study. To Plaintiffs' mother's knowledge, Defendant was taking her sons out to eat and then back to his apartment in Brooklyn, New York, so that he could use them for his school study, and then bringing them back to Plaintiffs' apartment in Brooklyn.

Unbeknownst to Plaintiffs' mother, what Defendant was doing was sexually abusing Plaintiffs repeatedly for months, and then threatening them not to tell anybody what happened. At the time, Plaintiffs were approximately 6 and 11 years old.

The family confronted Defendant, who admitted to the abuse, went into treatment, and agreed to pay $300,000.00 in damages, but never did.

To date none of the parties have been deposed, and Defendant has submitted no sworn statement or verified pleading in this action. Defendant has submitted an answer verified by counsel with and s/.

In his answer, Defendant avers that he lacks sufficient information and knowledge to state whether he is the cousin of Plaintiffs' mother, and whether Plaintiffs are members of the Hasidic Jewish Community in Brooklyn. Defendant further lacks sufficient information and knowledge as to whether he told Plaintiffs' mother he needed the children for a study related to his course work. Defendant does however deny that he sexually abused Plaintiffs.

## ISSUE PENDING BEFORE THE COURT

Plaintiffs move to compel the production of alleged psychiatric records for treatment that Defendant allegedly received after he confessed to his sexual abuse of the children.

In support of this request, Plaintiffs attach an affidavit from the prior dismissed action of Shlomo Nahmias. Mr. Nahmias' sworn statement alleges the following:

I am a relative of both the Plaintiffs and the Defendant in this action. I have personal knowledge of the facts and circumstances herein. In or about 2000/2001, our family discovered that Defendant had sexually molested the Plaintiffs (who at the time were minors). When I confronted the Defendant about this, he confessed to me that he had sexually molested the Plaintiffs.

Our family discussed what should be done. Many members of our family wanted to have the Defendant arrested and placed in jail. Some of the senior members of our family, however, wanted to keep the matter within the family and have the Defendant get treatment to see if he could be cured. The Defendant readily agreed to go into treatment rather than getting arrested. Our family worked out an arrangement with Ohel Children's Home and Family Services, a Jewish organization that specialized in issues of child abuse (including sexual abuse), to treat the Defendant. At the Defendant's request, I was appointed as a family "liaison" to monitor the Defendant's progress and treatment at Ohel.

In that regard, I would speak with the individual treating Defendant several times a month. During the course of these conversations, the treating individual would relay to me the Defendant's progress and treatment. The treating individual would also relay to me conversations with the Defendant from the Defendant's treatment sessions. Additionally, I would periodically be sent documentation from Ohel/the treating individual via mail regarding the Defendant's treatment and progress. Defendant's treatment at Ohel lasted for several years.

(NYSCEF Doc # 53).

Plaintiffs moved to compel the disclosure of the records in the prior action. The Court held that the dates of treatment and the fact of treatment were discoverable but found that the affidavit was too vague to determine whether a waiver of Defendant's medical privilege had occurred.

Defendant argues that Plaintiffs are now collaterally estopped from seeking the records, and that the records are privileged.

## DISCUSSION

CPLR 3101 mandates full disclosure of all matter material and necessary in the prosecution or defense of an action" (*Palmatier v Mr. Heater Corp.*, 156 AD3d 1167, 1168 [2017]). The terms material and necessary are liberally interpreted to require disclosure of any

facts bearing on the issues raised in the case and which will assist preparation for trial. (*Galasso v Cobleskill Stone Prods., Inc.*, 169 AD3d 1344, 134 [2019]).

Supreme Court is vested with broad discretion regarding disclosure and generally its determinations will not be disturbed absent an abuse of discretion (*Gold v Mountain Lake Pub. Telecom.*, 124 AD3d 1050, 1051 [2015]).

The party opposing the discovery request bears the burden of showing the requested items are exempt or immune from disclosure (see *NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 155 AD3d 1208, 1209 [2017]).

It is well settled that " ... once a patient puts the information into the hands of a third party who is completely unconnected to his or her treatment and who is not subject to any privilege, it can no longer be considered a confidence and the privilege must be deemed to have been waived as to that information." *Farrow v. Allen*, 194 A.D.2d 40, 44 (1993).

Thus in the context of CVA actions courts have consistently ordered that the treatment files of Priests who were sent by the Church for treatment of pedophilia and related disorders, when those files were shared with the Church, had waived any privilege to disclosure of said files and were directed to turn them over in discovery. *See eg Harmon v. Diocese of Albany*, 204 A.D.3d 1270, 1273 (2022)(*privilege with respect to the psychologist's report waived by consenting to its release to the Bishop*).

The Court does not find that collateral estoppel precludes it from ordering the records disclosed. The prior Court never made a final determination on whether there had been a waiver or not but held it could not tell from the short affidavit submitted whether there had been a waiver.

Indeed, given the conspicuous absence of an affidavit by Defendant attesting to any facts there is simply not enough information in the motion papers to make such a determination. For

[* 4]

example, was Defendant treated by a psychiatrist, psychologist, social worker or simply an unlicensed counselor of the agency? Are the records are related to Defendant's alleged abuse of Plaintiffs? Defendant in his unverified pleading denies the abuse, but submits no rebuttal to the sworn statement that Defendant confessed to the abuse submitted in support of the motion. Was there a written waiver allowing the Ohel providers to disclose the information to third parties? Does Ohel even have any records pertaining to Defendant (Ohel was not served with the underlying motion papers).

For all of the above reasons, the Court grants the motion to the extent of setting the matter down for a hearing. Plaintiffs are given leave to subpoena both Ohel and Shlomo Nahmias to provide testimony and produce relevant documentary evidence for the hearing. The subpoena to Ohel should direct that Ohel produce any relevant documentation to the Court in advance of the hearing for *in camera* review.

The hearing will also provide Defendant with an opportunity to make a case that a privilege applies preventing such disclosure.

WHEREFOR it is hereby:

ORDERED that the motion is granted to the extent of setting the matter down for a hearing on July 8th, 2025, at 10:00 am; and it is further

ORDERED that plaintiffs have leave to subpoena the records from Ohel to the Court for *in camera* review in advance of the hearing. This constitutes the decision and order of the Court.

| 5/27/25 | | | | | |
|---|---|---|---|---|---|
| DATE | | | HON. SABRINA B. KRAUS | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |